MITCHELL F. BOOMER (State Bar No. 121441)
SCOTT P. JANG (State Bar No. 260191)
ATTICUS LEE (State Bar No. 298002)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA  94111
Telephone     415.394.9400
Facsimile:     415.394.9401
Email:           boomerm@jacksonlewis.com
                    scott.jang@jacksonlewis.com
                    atticus.lee@jacksonlewis.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH AREBALO,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.; a California Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 5:19-cv-3034-NC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:     May 31, 2019<br>Trial Date:               None Set |

Defendant Apple Inc. ("Apple") submits its Answer to Plaintiff Josh Arebalo's ("Plaintiff's") Complaint filed in the above-captioned case as follows:

**AS TO JURISDICTION AND VENUE**

1.   Answering Paragraph 1 of the Complaint, the allegations in this paragraph constitute statements or conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.

2.   Answering Paragraph 2 of the Complaint, the allegations in this paragraph constitute statements or conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.

3. Answering Paragraph 3 of the Complaint, Apple admits that (1) venue is proper in this judicial district; and (2) its principal place of business is One Apple Park Way, Cupertino, California 95014. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

## AS TO PLAINTIFF

4. Answering Paragraph 4 of the Complaint, Apple admits that Plaintiff was an employee of Apple from October 2012 to December 2017. Apple is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and denies the allegations on that basis.

5. Answering Paragraph 5 of the Complaint, Apple is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's veteran status or medical diagnoses, and denies the allegations on that basis. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

## AS TO DEFENDANTS

6. Answering Paragraph 6 of the Complaint, Apple admits that it is a California corporation and its principal place of business is located in Cupertino, California. The remaining allegations in this paragraph constitute statements or conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure; to the extent a response is required, Apple denies the allegations.

7. Answering Paragraph 7 of the Complaint, the allegations in this paragraph constitute statements or conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure; to the extent a response is required, Apple denies the allegations.

8. Answering Paragraph 8 of the Complaint, the allegations in this paragraph constitute statements or conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure; to the extent a response is required, Apple denies the allegations.

## AS TO FACTUAL ALLEGATIONS

9. Answering Paragraph 9 of the Complaint, Apple admits that: (1) Plaintiff began working at Apple in 2012 as an At Home Advisor; and (2) in 2014, Plaintiff was promoted to Team

Manager. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

10. Answering Paragraph 10 of the Complaint, Apple is without sufficient knowledge or information to form a belief as to the truth of the allegations, and denies the allegations in this paragraph on that basis.

11. Answering Paragraph 11 of the Complaint, Apple admits that Plaintiff received $15,000 in a Restricted Stock Unit package in 2015. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

12. Answering Paragraph 12 of the Complaint, Apple is without sufficient knowledge or information to form a belief as to the truth of the allegations, and denies the allegations in this paragraph on that basis.

13. Answering Paragraph 13 of the Complaint, Apple admits that in 2016, Plaintiff received $3,000 in Restricted Stock and approximately $4,900 in cash bonuses. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

14. Answering Paragraph 14 of the Complaint, Apple admits that (1) in 2017, Plaintiff began reporting to a new supervisor, David Pratt; and (2) in 2017, Mr. Pratt's supervisor was Justin Bishop. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

15. Answering Paragraph 15 of the Complaint, Apple admits that in or about June 2017, David Pratt approved Plaintiff moving from California to a specific location in Washington. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

16. Answering Paragraph 16 of the Complaint, Apple denies the allegations in this paragraph.

17. Answering Paragraph 17 of the Complaint, Apple denies the allegations in this paragraph.

18. Answering Paragraph 18 of the Complaint, Apple admits that in or about July 2017, Mr. Pratt delivered to Plaintiff a performance Action Plan. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

19. Answering Paragraph 19 of the Complaint, Apple denies each and every allegation in this paragraph.

20. Answering Paragraph 20 of the Complaint, Apple admits that in or around July 2017, Plaintiff received a rating of "Expected More" during his annual performance evaluation. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

21. Answering Paragraph 21 of the Complaint, Apple denies each and every allegation in this paragraph.

22. Answering Paragraph 22 of the Complaint, Apple denies each and every allegation in this paragraph.

23. Answering Paragraph 23 of the Complaint, Apple denies each and every allegation in this paragraph.

24. Answering Paragraph 24 of the Complaint, Apple admits that on November 3, 2017, Plaintiff received a Documented Coaching, Apple's version of a performance improvement plan, scheduled to run from November 3, 2017 to December 2, 2017. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

25. Answering Paragraph 25 of the Complaint, Apple denies each and every allegation in this paragraph.

26. Answering Paragraph 26 of the Complaint, Apple denies each and every allegation in this paragraph.

27. Answering Paragraph 27 of the Complaint, Apple denies each and every allegation in this paragraph.

28. Answering Paragraph 28 of the Complaint, Apple admits that Plaintiff's employment was terminated on or around December 5, 2017 for failure to successfully meet the objectives and expectations of his position and his Documented Coaching. Except as specifically admitted, Apple denies the remaining allegations in this paragraph.

### AS TO EXHAUSTION OF ADMINISTRATIVE REMEDY

29. Answering Paragraph 29 of the Complaint, Apple admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and received a Notice of Right to Sue on March 5, 2019. The remaining allegations in this paragraph constitute statements or conclusions of law that require no responsive pleading under the Federal Rules of

Civil Procedure; to the extent a response is required, Apple denies the allegations.

## AS TO THE FIRST CAUSE OF ACTION
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## (42 U.S.C. § 12101, et seq.)

30. Answering Paragraph 30 of the Complaint, Apple incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

31. Answering Paragraph 31 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

32. Answering Paragraph 32 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

33. Answering Paragraph 33 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

34. Answering Paragraph 34 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

35. Answering Paragraph 35 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

36. Answering Paragraph 36 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is

required, Apple denies each and every allegation in this paragraph.

37. Answering Paragraph 37 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

### AS TO THE SECOND CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY

38. Answering Paragraph 38 of the Complaint, Apple incorporates its responses to the foregoing paragraphs by reference as though set forth fully herein.

39. Answering Paragraph 39 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

40. Answering Paragraph 40 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

41. Answering Paragraph 41 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

42. Answering Paragraph 42 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is required, Apple denies each and every allegation in this paragraph.

43. Answering Paragraph 43 of the Complaint, the allegations in this paragraph are denied by Apple and/or constitute statements or conclusions of law for which no responsive pleading is required under Federal Rules of Civil Procedure. To the extent that a response is

required, Apple denies each and every allegation in this paragraph.

## AS TO THE PRAYER FOR RELIEF

44. Apple denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

45. Without waiving or excusing the burden of proof of Plaintiff, or admitting that Apple has the burden of proof on any issue, Apple asserts the following affirmative defenses.

## FIRST DEFENSE

*(Failure to State a Claim)*

46. Plaintiff fails to state facts sufficient to constitute a cause of action against Apple or any other individual or entity.

## SECOND DEFENSE

*(Failure to Exhaust Administrative Remedies)*

47. Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's failure to exhaust his administrative remedies and/or the allegations in the Complaint fall outside the scope of any administrative charge filed by Plaintiff.

## THIRD DEFENSE

*(Statutes of Limitation)*

48. Plaintiff's causes of action are barred, in whole or in part, to the extent the cause of action falls outside the applicable statutes of limitation, including, but not limited to California Code of Civil Procedure sections 335.1.

## FOURTH DEFENSE

*(Failure to Engage in Interactive Process)*

49. Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Plaintiff failed to participate in the interactive process or the process broke down through no fault of Apple.

## FIFTH DEFENSE

*(Good Faith & Legitimate, Non-Discriminatory/Retaliatory Business Reason)*

50. Plaintiff's causes of action are barred, in whole or in part, because Apple's conduct

was privileged, justified under California law, supported by legitimate business reasons, and/or Apple had a good-faith belief that it had a legal right to engage in the conduct alleged in the Complaint.

### SIXTH DEFENSE

*(Same Decision)*

51. Plaintiff's claims for damages are barred, in whole or part, because even assuming that discriminatory reasons were a factor in any employment decision involving Plaintiff, Apple would have made the same employment decision with regard to Plaintiff for legitimate, lawful, and non-discriminatory business reasons.

### SEVENTH DEFENSE

*(Reasonable Care and Avoidable Consequences)*

52. Plaintiff's causes of action are barred, in whole or in part, because at all times relevant, Apple maintained policies and practices relating to discrimination, harassment, and retaliation, and Apple took reasonable care to prevent and promptly correct any discrimination, harassment, or retaliation from taking place. Plaintiff unreasonably failed to utilize the policies and procedures in place to remedy any complaints of discrimination, harassment, or retaliation he may have had.

### EIGHTH DEFENSE

*(Equitable Doctrines)*

53. Plaintiff's causes of action and claims for damages are barred, in whole or in part, under the equitable doctrines of laches, consent, waiver, estoppel, offset, and/or unclean hands.

### NINTH DEFENSE

*(Failure to Mitigate Damages)*

54. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### TENTH DEFENSE

*(Unconstitutionality of Excessive Punitive Damages)*

55. Although Apple denies that it committed or has responsibility for any act or

omission that could support the recovery of punitive damages alleged in the Complaint, to the extent any such act or omission is found, recovery of excessive punitive damages against Apple is unconstitutional under the United States Constitution, including the Excessive Fines Clause of the Eighth Amendment and the Due Process clauses of the Fifth Amendment, and the California Constitution, including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and the Self-Incrimination Clause of Section 15 of Article I.

## RESERVATION OF AFFIRMATIVE DEFENSES

56. Apple presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Apple reserves the right to assert additional defenses if discovery indicates that such additional affirmative defenses would be appropriate.

## PRAYER

WHEREFORE, Apple prays for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiff takes nothing by this action;
3. That Apple be awarded the costs of suit where authorized by law;
4. That Apple be awarded its attorneys' fees where authorized by law; and
5. That the Court award Apple any other and further relief as the Court deems proper.

Dated: June 26, 2019                                JACKSON LEWIS P.C.


By:   /s/ Mitchell F. Boomer
      Mitchell F. Boomer
      Scott P. Jang
      Atticus Lee
      Attorneys for Defendant
      APPLE INC.