Neama Rahmani (State Bar No. 223819)
Ronald L. Zambrano (State Bar No. 255613)
WEST COAST TRIAL LAWYERS, APLC
350 South Grand Avenue, Suite 3350
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701
Efilings@westcoasttriallawyers.com

Attorneys for Plaintiff
JOSH AREBALO

Mitchell F. Boomer (State Bar No. 121441)
Scott P. Jang (State Bar No. 260191)
Atticus Lee (State Bar No. 298002)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA  94111
Telephone     (415) 394-9400
Facsimile:    (415) 394-9401
E-mail:       boomerm@jacksonlewis.com
E-mail:       Scott.Jang@jacksonlewis.com
E-mail:       Atticus.Lee@jacksonlewis.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH AREBALO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE, INC.; a California Corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 5:19-cv-03034-EJD<br><br>**JOINT TRIAL SETTING CONFERENCE STATEMENT**<br><br>**[HON. EDWARD J. DAVILA]**<br><br>Hearing Date:　April 30, 2020<br>Hearing Time:　11:00 AM<br>Courtroom:　　4<br><br>Complaint Filed:　May 31, 2019<br>Trial Date:　　None Set |

　　　　Counsel for Plaintiff Josh Arebalo ("Plaintiff") and Defendant Apple Inc. ("Defendant" or "Apple") submit the following Joint Trial Setting Conference Statement.

///

1

**1.    Jurisdiction**

The Court has proper subject matter jurisdiction over this action on the basis of Federal Question jurisdiction, as Plaintiff asserts a claim based on federal employment law; *i.e.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. The Court also has supplemental jurisdiction over Plaintiff's state law claims (*i.e.*, wrongful termination in violation of public policy) because the state law claim is predicated on the same nucleus of facts as the federal claim. All parties have been served and no additional parties are anticipated.

**2.    Substance of the Action**

Plaintiff Josh Arebalo is a former remote employee for Defendant who alleges that he was terminated because of his alleged disability (i.e., hand pain associated with carpal tunnel) and in retaliation for requesting reasonable accommodations in connection with the alleged hand pain and for speaking on behalf of other employees with similar requests.

Defendant denies any and all liability. Defendant maintains that Plaintiff's performance in 2017 fell below his job requirements and that he was placed on a Documented Coaching plan to address the performance deficiencies. However, Plaintiff failed to meet the expectations of his Documented Coaching plan and was terminated in or around December 2017 due to performance inadequacy. Plaintiff's alleged hand pain and request for reasonable accommodation played no role in Defendant's termination decision.

**3.    Legal Issues**

Plaintiff contends he was wrongfully terminated and discriminated against on the basis of his alleged disability, in violation of the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*). Defendant maintains that it: (1) did not fail to accommodate Plaintiff's alleged need for reasonable accommodation; and (2) did not take any adverse employment action against Plaintiff (including termination) for a discriminatory reason. At all times, Defendant acted upon legitimate, non-discriminatory business reasons. Defendant further contends that, even assuming that Plaintiff can somehow prove a discriminatory motive (he cannot), (1) Defendant would have taken the same employment action with respect to Plaintiff based upon legitimate, non-discriminatory reasons; and (2) Plaintiff has failed to mitigate any alleged damages.

**4.      Motions**

There are no prior or pending motions. Apple anticipates filing a Rule 56 Motion for Summary Judgment or Adjudication in due course.

**5.      Discovery**

The parties have entered into a Joint Stipulated Protective Order, filed with the Court on August 26, 2019 (Dkt. 17), for any private or proprietary information or documents in connection with this matter. The parties have exchanged initial disclosures and associated documents. The parties have propounded written discovery. The parties arranged for depositions to start in March; however, the depositions had to be cancelled due to travel restrictions and California's statewide Shelter-in-Place Order due to the COVID-19 pandemic. The parties are discussing the possibility of conducting remote depositions in May or June 2020. The Court's Case Management Order issued on November 11, 2019 (Dkt. 20) currently sets a discovery cutoff of May 29, 2020; however, due to the deposition rescheduling discussed above, the parties respectfully request an extension of this deadline to August 14, 2020. The parties additionally request the Court to reschedule the deadline to designate experts by August 21, 2020, designate rebuttal experts by August 28, 2020, and extend the deadline for the close of expert discovery by September 18, 2020.

**6.      Settlement and ADR**

The Court's Case Management Order issued on November 11, 2019 (Dkt. 20) sets forth that the parties must complete private mediation by July 17, 2020. However, again, the parties respectfully request an extension of this deadline until October 2, 2020, in light of discovery delays caused by the COVID-19 pandemic and due to the parties' adherence of California's Statewide Shelter-in-Place Order currently in effect until May 4, 2020. The parties also anticipate scheduling delays with potential mediators due to these COVID-19-related circumstances.

**7.      Bifurcation and Separate Trial of Issues**

Defendant reserves its right to request bifurcation of punitive damages in any trial.

**8.      Trial**

Per the Court's Case Management Order issued on November 11, 2019 (Dkt. 20), the parties must file all dispositive motions by August 6, 2020. Both parties agree that settlement prospects

would be enhanced if the mediation precedes Apple's filing of its summary judgment motion; therefore, the parties respectfully request an extension of this deadline until October 2020.

If the case does not settle at mediation, or if the Court denies Defendant's summary judgment in whole or in part, then the parties expect to be ready for trial within 120 days from issuance of the Court's order on summary judgment. The Parties therefore estimate a trial date in late March 2021 or April 2021.

Plaintiff has requested a jury trial. The parties estimate that the trial will require 5-7 court days.

**9.  Scheduling**

As noted above, the parties respectfully request that the following deadlines be reset by the Court in light of COVID-19-related circumstances:

| | |
|---|---|
| Close of Fact Discovery | August 14, 2020 |
| Expert Designations | August 21, 2020 |
| Rebuttal Expert Designations | August 28, 2020 |
| Close of Expert Discovery | September 18, 2020 |
| Deadline to Complete Court-Required ADR | October 2, 2020 |
| Deadline to File Dispositive Motions | November 2, 2020 |
| Estimated Date for Trial | April 2021 |

///

///

///

///

///

///

**10. Other Matters**

Not applicable.

| | | |
|---|---|---|
| Dated: April 21, 2020 | | JACKSON LEWIS P.C. |
| | By: | /s/ Mitchell F. Boomer<br>Mitchell F. Boomer<br>Attorney for Defendant<br>APPLE, INC. |
| Dated: April 21, 2020 | | WEST COAST TRIAL LAWYERS |
| | By: | /s/ Ronald Zambrano<br>Ronald Zambrano<br>Attorney for Plaintiff<br>JOSH AREBALO |

4851-0064-4282, v. 4