1   Neama Rahmani (State Bar No. 223819)
2   Ronald L. Zambrano (State Bar No. 255613)
      *ron@westcoasttriallawyers.com*
3   WEST COAST TRIAL LAWYERS, APLC
    350 South Grand Avenue, Suite 3350
4   Los Angeles, California 90071
    Telephone: (213) 927-3700
5   Facsimile: (213) 927-3701
    *Efilings@westcoasttriallawyers.com*
6
7   Attorneys for Plaintiff
    JOSH AREBALO
8
    Mitchell F. Boomer (State Bar No. 121441)
9   Scott P. Jang (State Bar No. 260191)
    Atticus Lee (State Bar No. 298002)
10  JACKSON LEWIS P.C.
    50 California Street, 9th Floor
11  San Francisco, CA  94111
    Telephone     (415) 394-9400
12  Facsimile:    (415) 394-9401
    E-mail:       boomerm@jacksonlewis.com
13  E-mail:       Scott.Jang@jacksonlewis.com
    E-mail:       Atticus.Lee@jacksonlewis.com
14
    Attorneys for Defendant
15  APPLE INC.

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18  JOSH AREBALO,                          Case No. 5:19-cv-03034-EJD

19              Plaintiff,                 **JOINT TRIAL SETTING**
                                           **CONFERENCE STATEMENT**
20      v.
                                           **[HON. EDWARD J. DAVILA]**
21  APPLE, INC.; a California Corporation; and
    DOES 1 through 10, inclusive,          Hearing Date:    September 3, 2020
22                                         Hearing Time:    11:00 AM
                Defendants.                Courtroom:       4
23
                                           Complaint Filed: May 31, 2019
24                                         Trial Date:      None Set

25          Counsel for Plaintiff Josh Arebalo ("Plaintiff") and Defendant Apple Inc. ("Defendant" or

26  "Apple") (collectively, "the Parties") submit the following Joint Trial Setting Conference

27  Statement.  As explained further in Sections 4 through 9 below, the Parties respectfully request a

28  short continuance of the current case schedule so that the Parties may complete private mediation

                                              1
    JOINT TRIAL SETTING CONFERENCE STATEMENT               5:19-CV-03034-EJD

1  with Debra Mellinkoff, Esq. (tentatively set for October 20, 2020).

2  **1.    Jurisdiction**

3      The Court has proper subject matter jurisdiction over this action on the basis of Federal

4  Question jurisdiction, as Plaintiff asserts a claim based on federal employment law; *i.e.*, the

5  Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. The Court also has

6  supplemental jurisdiction over Plaintiff's state law claims (*i.e.*, wrongful termination in violation

7  of public policy) because the state law claim is predicated on the same nucleus of facts as the federal

8  claim. All parties have been served and no additional parties are anticipated.

9  **2.    Substance of the Action**

10      Plaintiff Josh Arebalo is a former remote employee for Defendant who alleges that he was

11  terminated because of his alleged disability (*i.e.*, hand pain associated with carpal tunnel) and in

12  retaliation for requesting reasonable accommodations in connection with the alleged hand pain and

13  for speaking on behalf of other employees with similar requests.

14      Defendant denies any and all liability. Defendant maintains that Plaintiff's performance in

15  2017 fell below his job requirements and that he was placed on a Documented Coaching plan to

16  address the performance deficiencies. However, Plaintiff failed to meet the expectations of his

17  Documented Coaching plan and was terminated in or around December 2017 due to performance

18  inadequacy. Plaintiff's alleged hand pain and request for reasonable accommodation played no role

19  in Defendant's termination decision.

20  **3.    Legal Issues**

21      Plaintiff contends he was wrongfully terminated and discriminated against on the basis of

22  his alleged disability, in violation of the Americans with Disabilities Act (42 U.S.C. § 12101, *et*

23  *seq.*). Defendant maintains that it: (1) did not fail to accommodate Plaintiff's alleged need for

24  reasonable accommodation; and (2) did not take any adverse employment action against Plaintiff

25  (including termination) for a discriminatory reason. At all times, Defendant acted upon legitimate,

26  non-discriminatory business reasons. Defendant further contends that, even assuming that Plaintiff

27  can somehow prove a discriminatory motive (he cannot), (1) Defendant would have taken the same

28  employment action with respect to Plaintiff based upon legitimate, non-discriminatory reasons; and

2

1   (2) Plaintiff has failed to mitigate any alleged damages.

2   **4.      Motions**

3        There are no prior or pending motions. Apple anticipates filing a Rule 56 Motion for

4   Summary Judgment or Adjudication in due course.

5        The Parties respectfully request that current December 2, 2020 deadline be briefly continued

6   to January 18, 2021, and that the current hearing date for the dispositive motion be briefly continued

7   from January 7, 2020 to February 22, 2021.

8   **5.      Discovery**

9        The parties have entered into a Joint Stipulated Protective Order, filed with the Court on

10  August 26, 2019 (Dkt. 17), for any private or proprietary information or documents in connection

11  with this matter.

12       The parties have exchanged initial disclosures and associated documents. The parties have

13  propounded and responded to written discovery.

14       Plaintiff's deposition was completed on July 9, 2020, after initially postponing the

15  deposition because of travel and shelter-at-home restrictions  do to COVID.

16       On September 28, 2020, Defendant's employee, David Pratt, will be deposed by Plaintiff.

17       The parties are working to coordinate two more deposition for that Plaintiff wishes to take

18  prior to mediation, which is tentatively set for October 20, 2020.

19  **6.      Settlement and ADR**

20       The parties have agreed to mediate with Debra Mellinkoff, Esq., and the mediation is

21  tentatively set for October 20, 2020.  The current ADR deadline is October 2, 2020. However,

22  again, the parties respectfully request a brief extension of this deadline to November 6, 2020, in

23  light of discovery delays caused by the COVID-19 pandemic. The parties also anticipate scheduling

24  delays with potential mediators due to these COVID-19-related circumstances.

25  **7.      Bifurcation and Separate Trial of Issues**

26       Neither party seeks to bifurcate the matter for purposes of trial.

27  **8.      Trial**

28       If the case does not settle at mediation, or if the Court denies Defendant's summary

JOINT TRIAL SETTING CONFERENCE STATEMENT                    5:19-CV-03034-EJD

judgment in whole or in part, then the parties expect to be ready for trial within 120 days from issuance of the Court's order on summary judgment.  The Parties therefore estimate a trial date in April 2021 or May 2021.

Plaintiff has requested a jury trial. The parties estimate that the trial will require 4-5 court days.

**9.   Scheduling**

As noted above, the parties respectfully request that the following deadlines be reset by the Court in light of COVID-19-related circumstances:

| | |
|---|---|
| Close of Fact Discovery | November 20, 2020 |
| Expert Designations | November 27, 2020 |
| Rebuttal Expert Designations | December 4, 2020 |
| Close of Expert Discovery | January 4, 2021 |
| Deadline to Complete Court-Required ADR | November 6, 2020 |
| Deadline to File Dispositive Motions | January 18, 2021 |
| Estimated Date for Trial | April 2021 or May 2021 |

**10.   Other Matters**

Not applicable.

Dated: August 25, 2020          JACKSON LEWIS P.C.


                                By:     /s/_____
                                        Mitchell F. Boomer
                                        Attorney for Defendant
                                        APPLE, INC.


Dated: August 25, 2020          WEST COAST TRIAL LAWYERS


                                By:     /s/_____
                                        Ronald Zambrano
                                        Attorney for Plaintiff
                                        JOSH AREBALO