Neama Rahmani (State Bar No. 223819)
Ronald L. Zambrano (State Bar No. 255613)
 *ron@westcoasttriallawyers.com*
WEST COAST TRIAL LAWYERS, APLC
350 South Grand Avenue, Suite 3325
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701
 *efilings@westcoasttriallawyers.com*

Attorneys for Plaintiff,
JOSH AREBALO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| JOSH AREBALO,<br><br>Plaintiff;<br><br>v.<br><br>APPLE, INC.; a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:19-cv-03034-EJD<br><br>**NOTICE OF MOTION; MOTION TO WITHDRAW AS COUNSEL; AND DECLARATION OF RONALD ZAMBRANO IN SUPPORT**<br><br>**L.R. 11-5, 7-2 and California Rule of Professional Conduct 1.16**<br><br>DATE: March 11, 2020<br>TIME:  9:00 am<br>PLACE: Courtroom 4 or Zoom (https://cand-uscourts.zoomgov.com/j/1604896302?pwd=b0ZTckVxODFCMm1rcjRvSGFMMjVRUT09.<br>Webinar ID: 160 489 6302, Password: 544953.) |

-1-

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, on Thursday, March 11, 2020, at 9:00 a.m., or on such date as the Court may deem proper, before the Honorable Edward J. Davila in the United States District Court of Northern California in San Jose Courthouse, Courtroom 4 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, or Zoom conference (https://cand-uscourts.zoomgov.com/j/1604896302?pwd=b0ZTckVxODFCMm1rcjRvSGFMMjVRUT09. Webinar ID: 160 489 6302, Password: 544953), pursuant to Local Rule 7-2 and 11-5 and the other authorities cited herein, counsel for Plaintiff, West Coast Trial Lawyers, APLC, will move to withdraw as counsel for the Plaintiff Josh Arebalo in this action.

Dated:  December 4, 2020         WEST COAST TRIAL LAWYERS, APLC

By ____*/s/ Ronald Zambrano*____
Ronald L. Zambrano, Esq.
Attorney for Plaintiff,
JOSH AREBALO

-2-

MOTION TO WITHDRAW AS COUNSEL; DECLARATION OF RONALD ZAMBRANO IN SUPPORT

## MEMORANDUM RE: MOTION TO WITHDRAW AS COUNSEL

### A. Pertinent Factual Summary

On or March 22, 2019, Plaintiff Arebalo retained West Coast Trial Lawyers ("WCTL"). Mr. Arebalo provided a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") dated March 5, 2019 to start suit within 90 days. WCTL timely filed a complaint in District Court consistent with Mr. Arebalo's June 2018 EEOC Charge of Discrimination alleging violation of the American With Disabilities Act. (ADA). (Declaration of Ronald Zambrano in Support of Motion to Withdraw as Counsel ("Decl. Zambrano.") at ¶ 2.)

From approximately August 2018 through October 2020, extensive written discovery was as well as Plaintiff's deposition was completed, and three Apple employees (former and current) were deposed by the Plaintiff. (Decl. Zambrano at ¶ 3.)

On October 16, 2020, mediation took place with mediator Debra Mellinkoff. The Sunday before this mediation, the break-down of the attorney-client relationship between Mr. Arebalo and WCTL began and quickly escalated in the ensuing days before the Mediation. Mediation was not successful in bringing about an informal resolution to the matter. (Decl. Zambrano at ¶ 4.)

From November 19-22, 2020, Mr. Arebalo's conduct has resulted in a complete breakdown in the attorney-client relationship between himself and WCTL to the extent whereby (1) WCTL's continuing representation of Mr. Arebalo may cause WCTL to run afoul of a subsection found in California Rule of Professional Conduct 1.16(a); and (2) Mr. Arebalo's behavior from prior to mediation through November 22, 2020 has rendered it unreasonably difficult for WCTL to carry out the representation of Mr. Arebalo effectively. (Decl. Zambrano at ¶ 5.)

//
//

### B. Legal Argument

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition. (Civil L.R. 11-5(b).)

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." (*Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264 (N.D.Cal. December 1, 2004), citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982). Among other things, courts rulings upon motions to withdraw as counsel have considered, (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. (*Irwin v. Mascott*, *supra* at *4; see also *Kassab v. San Diego Police Dep't*, No. 2008 WL 251935, at *1 (S.D. Cal.) (Motion to withdraw as counsel granted where party given a month to find alternate counsel or appear pro se.); *Hoffman v. United States*, 2007 WL 3037463, at *1 (S.D. Cal.) (motion to withdraw as counsel granted based on irreconcilable differences).)

**1. Good Cause Exists for Withdrawal of WCTL as Counsel.**

Withdrawal is governed by the California Rules of Professional Conduct. (*Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to withdrawal by attorney).) California Rule of Professional Conduct 1.16(b) sets out the grounds

-4-

for permissive withdrawal in pertinent part as follows:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law; or . . . . (4) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively. (*Ibid.*)

Mr. Arebalo's conduct in October and November of 2020 has resulted in a complete breakdown in the attorney-client relationship between himself and WCTL to the extent whereby (1) WCTL's continuing representation of Mr. Arebalo may cause WCTL to run afoul of a subsection found in California Rule of Professional Conduct 1.16(a); and (2) Mr. Arebalo's behavior from prior to mediation through November 22, 2020 has rendered it unreasonably difficult for WCTL to continue representing Mr. Arebalo effectively. (Decl. Zambrano at ¶ 5.)[1]

Where there is a complete breakdown in the attorney-client relationship, a request to withdraw is commonly granted. (*Manfredi & Levine v. Super. Ct.*, 66 Cal.App.4th 1128 (1998).) Here, there is a complete breakdown between Mr. Arebalo and WCTL. In representing a client effectively, counsel must be able to communicate with the client, have the trust of the client, act in the best interests of the client, and guide and persuade the client to act in manner that is consistent with its legal obligations and that advances its best interests. (*Lehman Bros. Holdings, Inc. v. PMC Bancorp*, 2017 WL 4071384, at *2 (C.D. Cal. July 26, 2017).) Here, based on Mr. Arebalo's own behavior, the ideal expressed in *Lehman* is no longer in play. (See Decl. Zambrano at ¶ 3-5.)

Based on the foregoing, WCLT respectfully asserts good cause exists for an order permitting its withdrawal as Mr. Arebalo's counsel.

---

[1] To preserve the attorney-client confidentiality privilege, the details are not fully set out in the Zambrano Declaration filed herewith. In the event that the Court is inclined to deny this motion, Counsel requests *in camera* consideration of additional specific details.

**2. No Prejudice, Harm or Delay in the Withdrawal of WCTL**

Here, no trial date has been set. Although fact discovery is closed, the written discovery and the depositions taken was extensive and thorough enough that all possible relevant and admissible evidence was solicited. Expert discovery is still open. A trial setting conference is set for March 25, 2020, providing Mr. Arebalo ample time to find new counsel. Based thereon, there is no risk of delay, and Apple will not be prejudiced by WCTL's withdrawal. Mr. Arebalo himself is not prejudiced as he's had two weeks as of the filing of this motion to withdraw, and will have had at least a month by the time this motion is heard. (Decl. Zambrano at ¶¶ 7-8.)

**C. Conclusion**

Based on the foregoing, WCTL respectfully prays this Court grants this Motion to Withdraw as counsel for Plaintiff Arebalo.

Respectfully submitted,

Dated: December 4, 2020         WEST COAST TRIAL LAWYERS, APLC

By */s/ Ronald Zambrano*
Ronald L. Zambrano, Esq.
Attorney for Plaintiff,
JOSH AREBALO

-6-

## **DECLARATION OF RONALD ZAMBRANO**

I, Ronald L. Zambrano, hereby declare:

1. I am the Employment Litigation Chair at West Coast Trial Lawyers, APLC, ("WCTL") counsel for Plaintiff in the above referenced action known as *Joshua Arebalo v. Apple, Inc.*, Case No. 5:19-cv-03034-EJD. I submit this declaration in support of WCTL's motion to withdraw as counsel. I have personal knowledge of the matters as set forth below.

2. On or March 22, 2019, Plaintiff Arebalo retained WCTL.  Mr. Arebalo provided a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") dated March 5, 2019 to start suit within 90 days.  I timely filed a complaint in District Court consistent with Mr. Arebalo's June 2018 EEOC Charge of Discrimination alleging violation of the American With Disabilities Act. ("ADA").

3. From approximately August 2018 through October 2020, extensive written discovery was done, Plaintiff's deposition was completed, and three Apple employees (former and current) were deposed by the Plaintiff.

4. On October 16, 2020, mediation took place with mediator Debra Mellinkoff.  The Sunday before this mediation, the break-down of the attorney-client relationship between Mr. Arebalo and WCTL began and quickly escalated in the ensuing days before the Mediation. Mediation was not successful in bringing about an informal resolution to the matter.

5. From November 19-22, 2020, Mr. Arebalo's conduct towards WCTL has resulted in a complete breakdown in the attorney-client relationship between himself and WCTL to the extent whereby (1) WCTL's continuing representation of Mr. Arebalo may cause WCTL to run afoul of a subsection found in California Rule of Professional Conduct 1.16(a); and (2)

Mr. Arebalo's behavior from prior to mediation through November 22, 2020 has rendered it unreasonably difficult for WCTL to carry out the representation of Mr. Arebalo effectively.

6. On November 22, 2020, Mr. Arebalo confirmed in writing that his current mailing address is 2452 N Bogus Basin Rd, Boise, Idaho 83702.

7. Mr. Arebalo has known of our intent to seek leave to withdraw since November 20, 2020.

8. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

December 4, 2020         */s/ Ronald Zambrano*

                            Ronald Zambrano, declarant

# CERTIFICATE OF SERVICE

I am over the age of 18 and am not a party to the above-captioned matter.

On December 4, 2020 I served the documents listed below on the Defendant by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice as follows:

Mitchell F. Boomer, Esq.
*boomerm@jacksonlewis.com*
Scott P. Jang, Esq.
*Scott.jang@jacksonlewis.com*
Yuki Cruse, Esq.
*Yuki.cruse@jacksonlewis.com*
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111

Joshua Arebalo
*joshworksit@icloud.com*
2452 N Bogus Basin
Boise, Idaho 83702

The documents served on December 4, 2020 are:

**MOTION TO WITHDRAW AS COUNSEL**

Dated:  December 4, 2020        WEST COAST TRIAL LAWYERS, APLC

                                By  */s/ Ronald Zambrano*
                                    Ronald L. Zambrano, Esq.
                                    Attorney for Plaintiff,
                                    JOSH AREBALO