1    Mitchell F. Boomer (State Bar No. 121441)
     Scott P. Jang (State Bar No. 260191)
2    Yuki Cruse (State Bar No. 310073)
     JACKSON LEWIS P.C.
3    50 California Street, 9th Floor
     San Francisco, CA  94111
4    Telephone:     (415) 394-9400
     Facsimile:     (415) 394-9401
5    E-mail:        Mitchell.Boomer@jacksonlewis.com
     E-mail:        Scott.Jang@jacksonlewis.com
6    E-mail:        Yuki.Cruse@jacksonlewis.com

7    Attorneys for Defendant
     APPLE INC.
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   JOSH AREBALO,                          Case No. 5:19-cv-03034-EJD

13              Plaintiff,                   **DEFENDANT'S OPPOSITION TO**
                                             **PLAINTIFF'S MOTION FOR LEAVE**
14        v.                                 **TO FILE FIRST AMENDED**
                                             **COMPLAINT**
15   APPLE, INC.; a California Corporation; and
     DOES 1 through 10, inclusive,           Time:      9:00 a.m.
16                                           Date:      March 4, 2021
              Defendants.                    Judge:     Hon. Edward J. Davilla
17                                           Court:     4

18                                           Complaint Filed:  May 31, 2019
                                             Trial Date:       None Set
19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION          CASE NO. 5:19-CV-03034-EJD
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................1

II.   STATEMENT OF FACTS ..........................................................................1

    A.    The Current Case Posture: Discovery is Complete, and Defendant's Motion for Summary Judgment is Pending. ....................1

    B.    The Deadline for Amending the Pleadings Expired Long Ago. ............2

    C.    Plaintiff Nevertheless Seeks to Expand This Case. ...................2

III.  LEGAL STANDARD ................................................................................2

IV.  LEGAL ARGUMENT ..............................................................................4

    A.    Plaintiff Fails to Establish "Good Cause" Under Rule 16. .......................4

    B.    Plaintiff Also Fails to Satisfy the Requirements of Rule 15. ...................7

        1.    Plaintiff's Proposed Amendment Would Prejudice Defendant. ...........7

        2.    Plaintiff Has Acted with Undue Delay........................8

        3.    Plaintiff's Proposed Amendment Is Futile.........................9

            a.    Plaintiff's Defamation and Negligent Misrepresentation Claims Are Time-barred. ........9

            b.    Plaintiff's Negligent Misrepresentation Claim Also Fails to Satisfy Rule 9's Pleading Requirements .......10

            c.    Plaintiff's Civil Conspiracy Claim is Not an Independent Cause of Action.......11

            d.    Plaintiff's Unfair Labor Practice Claim is Subject to the NLRB's Exclusive Jurisdiction.......11

            e.    Plaintiff Cannot Establish Unfair and Fraudulent Violations of the Unfair Competition Law. .......12

               (1)  Plaintiff Cannot Establish Defendant Engaged in Unfair Business Practices.......12

               (2)  Plaintiff Cannot Establish Defendant Engaged in Fraudulent Business Practices.......13

V.   CONCLUSION ........................................................................................14

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Accuimage Diagnostics Corp. v. Terarecon, Inc.,*
5
   260 F. Supp. 2d 941 (N.D. Cal. 2003) ...................................................................................11

6

*AmerisourceBergen Corp. v. Dialysist West, Inc.,*
   465 F.3d 946 (9th Cir. 2006)...................................................................................................8
7

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
8
   7 Cal. 4th 503 (1994) .............................................................................................................11

9

*Bonin v. Calderon,*
10
   59 F.3d 815 (9th Cir. 1995) (superseded on other grounds) ..................................................9

11

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
   20 Cal. 4th 163, 186-187 (1999) ...........................................................................................12
12

*Community Dental Services v. Tani,*
13
   282 F.3d 1164 (9th Cir. 2002)................................................................................................6

14

*Decker v. GlenFed, Inc.,*
15
   42 F.3d 1541 (9th Cir. 1994) .................................................................................................13

16

*Doe v. CVS Pharmacy, Inc.,*
   982 F.3d 1204 (9th Cir. 2020)..........................................................................................12, 13
17

*DRK Photo v. McGraw-Hill Global Education Holdings, LLC*
18
   870 F.3d 978 (9th Cir. 2017)..................................................................................................3

19

*E-Fab, Inc. v. Accountants, Inc. Servs.,*
20
   153 Cal. App. 4th 1308 (2007)..............................................................................................10

21

*In re Fritz Cos. Secs. Litig.,*
   282 F. Supp. 2d at 1110–11 ...................................................................................................9
22

*In re Fritz Cos. Securities Litig.,*
23
   282 F. Supp. 2d 1105 (N.D. Cal. 2003) .................................................................................8

24

*Hoang v. Bank of America, N.A.,*
25
   910 F.3d 1096 (9th Cir. 2018).................................................................................................9

26

*Jackson v. Bank of Hawaii,*
   902 F.2d 1385 (9th Cir. 1990)........................................................................................2, 3, 7
27

*Jackson v. Laureate, Inc.,*
28
   186 F.R.D. 605 (E.D. Cal. 1999) ...........................................................................................3

ii

*Johnson v. Buckley*,
   356 F.3d 1067 (9th Cir. 2004)..............................................................................2, 7

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992)...............................................................................4, 7

*Lockheed Martin Corp. v. Network Sols., Inc.*,
   194 F.3d 980 (9th Cir. 1999)..................................................................................7

*Logan v. VSI Meter Servs.*,
   No. 10cv2478 L, 2011 U.S. Dist. LEXIS 75544 (S.D. Cal. July 12, 2011) ............11

*McDonald v. Coldwell Banker*,
   543 F.3d 498 (9th Cir. 2008).................................................................................13

*Millar v. Bay Area Rapid Transit Dist.*,
   236 F.Supp. 2d 1110 (N.D. Cal. 2002) ...................................................................3

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990)................................................................................7

*Moss v. Infinity Ins. Co.*,
   197 F. Supp. 3d 1191 (N.D. Cal. 2016) ...........................................................12, 13

*San Diego Bldg. Trades Council, Millmens Union, Local 2020 v. Garmon*,
   359 U.S. 236 (1959).............................................................................................11

*Sanford v. MemberWorks, Inc.*,
   625 F.3d 550 (9th Cir. 2010).................................................................................14

*Smith v. City and County of Honolulu*,
   887 F.3d 944 (9th Cir. 2018)..................................................................................8

*State of Cal. v. Neville Chem. Co.*,
   358 F.3d 661 (9th Cir. 2004) .................................................................................9

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal. App. 4th 153 (1991).....................................................................................13

*Ventress v. Japan Airlines*,
   603 F.3d 676 (9th Cir. 2010).................................................................................8

*West v. JPMorgan Chase Bank, N.A.*,
   214 Cal. App. 4th 780 (2013).................................................................................10

*Wynes v. Kaiser Permanente Hosps.*,
   2012 U.S. Dist. LEXIS 84916 (E.D. Cal. June 9, 2012)...........................................3

iii

**Statutes**

California Code of Civil Procedure, section 339 ........................................................................10

California Code of Civil Procedure, section 340 ..........................................................................9

California Unfair Competition Law Section 17200 ....................................................................12

National Labor Relations Act, 29 U.S.C. section 7 ....................................................................11

National Labor Relations Act, 29 U.S.C. section 8 ....................................................................11

National Labor Relations Act, 29 U.S.C. secton 8(a)(1) ...........................................................11

National Labor Relations Act, 29 U.S.C. section 158(a)(1) *et seq.* ...........................................11

**Other Authorities**

Federal Rule of Civil Procedure, Rule 8 ...................................................................................13

Federal Rule of Civil Procedure, Rule 8(a)(2) ..........................................................................13

Federal Rule of Civil Procedure, Rule 15 ...........................................................................2, 3, 7

Federal Rule of Civil Procedure, Rule 15(a) ..............................................................................2

Federal Rule of Civil Procedure, Rule 16 .........................................................................3, 4, 6, 8

I.   **INTRODUCTION**

Plaintiff Josh Arebalo ("Plaintiff") seeks leave from this Court to amend his Complaint against Defendant Apple Inc. ("Defendant") more than *20 months* after he filed his original Complaint. Fact discovery has closed. Expert discovery has closed. And Defendant's motion for summary judgment is currently pending before the Court.

The motion should be denied. *First*, as indicated above, the motion comes too late. *Second*, Plaintiff has acted with undue delay and without diligence. Plaintiff seeks to add facts and claims to his pleadings that were known to him when he filed his Complaint, yet he made no attempt to amend his Complaint until more than a year after the Court's deadline to amend the pleadings and more than two months after all fact discovery closed. *Third*, Plaintiff's claims fail as a matter of law, rendering amendment futile.

Accordingly, for all these reasons, allowing Plaintiff to amend his Complaint at this late hour would be unduly prejudicial to Defendant, and the Court should deny Plaintiff's motion.

II.   **STATEMENT OF FACTS**

   A.   **The Current Case Posture: Discovery is Complete, and Defendant's Motion for Summary Judgment is Pending.**

On May 31, 2019, Plaintiff filed a Complaint asserting two causes of action: (1) violation of the Americans with Disabilities Act; and (2) wrongful termination in violation of California Public Policy under the Fair Employment Housing Act ("FEHA"). (ECF No. 1.) In the 20 months since Plaintiff initiated this action, the parties have completed all fact and expert discovery. The deadline for completing fact discovery expired on November 20, 2020; the deadline for completing expert disclosures expired on December 19, 2020; and the deadline for completing expert discovery expired on January 26, 2021. (ECF Nos. 28 & 30.)

The case is now in its late stages. Currently pending before the Court is Defendant's Motion for Summary Judgment. (ECF No. 45.) Defendant filed the motion on February 1, 2021, which was the deadline for filing all dispositive motions. (ECF No. 30.) Defendant's motion will be fully briefed and ready for decision on February 23, 2021. (*See* ECF No. 45.)

1

1    **B.    The Deadline for Amending the Pleadings Expired Long Ago.**

2        The Court issued its first case management order on November 1, 2019, in which it set a

3    deadline of December 31, 2019 for any amendments to the pleadings. (*See* ECF No. 20 at 1) ("IT

4    IS FURTHER ORDERED that the deadline for . . . amendments to the pleadings, is sixty days after

5    entry of this order.")  Plaintiff did not seek leave to amend his Complaint during this time.  Indeed,

6    Plaintiff has never mentioned or referenced any intention of amending the pleadings in any of the

7    *five* case management conference statements submitted to the Court during the 20 months in which

8    this case has been pending. (*See* ECF Nos. 19, 21, 23, 25, 27.)

9        **C.    Plaintiff Nevertheless Seeks to Expand This Case.**

10       Despite the procedural posture of this case in which the Court's deadlines for amending the

11   pleadings, completing discovery, and filing dispositive motions have now passed, Plaintiff filed the

12   instant motion for leave to file a first amended complaint on January 22, 2021.  (ECF No. 41.)

13   Plaintiff's proposed First Amended Complaint ("Proposed FAC") seeks to add (a) numerous new

14   allegations, effectively doubling the size of the Complaint;[1] and (b) five new claims for defamation,

15   civil conspiracy, negligent misrepresentation, unfair business practices, and unfair labor practices.

16   Plaintiff contends, in part, that new discovery and his former counsel are to blame for his failing to

17   amend the pleadings in the 20 months this case has been pending. (*See id.* at 4.)

18   **III.   LEGAL STANDARD**

19       Federal Rule of Civil Procedure 15(a), the standard under which Plaintiff makes his motion,

20   provides for amendments when "justice so requires."  However, leave is not automatically granted.

21   *See* Fed. R. Civ. P.  15; *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990).  Denial

22   of a motion for leave to amend may be justified if the court finds the existence of various factors,

23   alone or in combination, including: (1) prejudice to defendant; (2) bad faith motive on part of

24   plaintiff (*e.g.*, use of the motion to postpone trial date, impose additional expense on opposing

25   party, or gain additional leverage in settlement negotiations); (3) undue delay or dilatory conduct

26   by plaintiff; and (4) futility of proposed amendment. *See Johnson v. Buckley,* 356 F.3d 1067, 1077-

27

28

---

[1] The original Complaint contains a fact section comprised of 20 paragraphs, whereas the Proposed FAC contains a fact section of 42 paragraphs. (*Compare* ECF No. 1 at 4-7 with ECF No. 41-1 at 4-15.)

2

1    78 (9th Cir. 2004); *Millar v. Bay Area Rapid Transit Dist.,* 236 F.Supp. 2d 1110, 1113 (N.D. Cal.

2    2002) (identifying additional factor of impact on judicial economy, judicial resources and court's

3    ability to manage cases and control its dockets).  Of the factors, "[p]rejudice to the opposing party

4    is the most important factor."  *Jackson*, 902 F.2d at 1387 (citations omitted).

5         Moreover, while Plaintiff's motion is made pursuant to Rule 15, where, as here, the Court

6    has issued a Scheduling Order pursuant to Federal Rule of Civil Procedure 16, a "good cause"

7    standard applies.  *Wynes v. Kaiser Permanente Hosps.,* 2012 U.S. Dist. LEXIS 84916, at * 2 (E.D.

8    Cal. June 9, 2012) (stating that once a district court has filed a Pretrial Scheduling Order pursuant

9    to Rule 16, the standards set forth by Rule 16 control).  As this Court specifically warned the parties

10   in its November 1, 2019 case management order:

11        IT IS FURTHER ORDERED that the deadline for joinder of any additional parties,

12        or other amendments to the pleadings, is sixty days after entry of this order. The

13        parties are instructed to comply with Federal Rule of Civil Procedure 15 in seeking

14        joinder of parties or amendments to the pleadings prior to expiration of the deadline.

15        ***Amendments sought after the deadline must comply with Federal Rule of Civil***

16        ***Procedure 16.***

17   (ECF No. 20 at 1) (emphasis added).

18        The central inquiry under Rule 16's "good cause" standard is whether the party seeking

19   leave to amend was diligent in seeking the amendment.  *DRK Photo v. McGraw-Hill Global*

20   *Education Holdings*, LLC, 870 F.3d 978, 989 (9th Cir. 2017).  The moving party must show that

21   despite diligent efforts to comply, noncompliance with a Rule 16 deadline occurred ***because of the***

22   ***development of matters that could not have been reasonably foreseen***. *Jackson v. Laureate, Inc.*,

23   186 F.R.D. 605, 608 (E.D. Cal. 1999).  As the Ninth Circuit explained, a party's "carelessness"

24   does not constitute "good cause:"

25        Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the

26        party seeking to interpose an amendment and the prejudice to the opposing party,

27        Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

28        seeking the amendment.  The district court may modify the pretrial schedule 'if it

1    cannot reasonably be met despite the diligence of the party seeking the extension.'

2    Moreover, carelessness is not compatible with a finding of diligence and offers no

3    reason for a grant of relief.  Although the existence or degree of prejudice to the

4    party opposing the modification might supply additional reasons to deny a motion,

5    the focus of the inquiry is upon the moving party's reasons for seeking modification.

6    If that party was not diligent, then the inquiry should end.

7    *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted).

8    **IV.    LEGAL ARGUMENT**

9        **A.    Plaintiff Fails to Establish "Good Cause" Under Rule 16.**

10       Plaintiff fails to carry his burden of establishing "good cause" and diligence under Rule 16.

11   *See Johnson*, 975 F.2d at 609 (9th Cir. 1992) (indicating that the moving party carries the burden

12   of establishing diligence under Rule 16).  This case has been pending for *20 months*.  During that

13   time, the Court set a deadline for amending the pleadings (which expired over a year ago), and the

14   parties have filed five case management conference statements.  Further, several critical deadlines

15   passed, including the deadline to complete discovery and file dispositive motions.  Yet at no point

16   did Plaintiff alert the Court or Defendant of any intention to amend his Complaint.

17       To excuse his untimeliness, Plaintiff argues in conclusory fashion that "[e]vidence provided

18   by Apple during discovery gave, *in part*, rise to this Motion." (ECF No. 41 at 2) (emphasis added).

19   Not only does Plaintiff fail to identify and explain what evidence Defendant provided that led him

20   to suddenly learn of his new allegations and claims, but Plaintiff's assertion is objectively untrue.

21   Nearly all the new allegations Plaintiff seeks to add in the Proposed FAC appear to be facts that

22   were within his knowledge when he filed his original Complaint.  The following proposed new

23   allegations, which form the basis for the new claims, are illustrative:

24       34. In or about September 2017, Plaintiff became aware of an employee transferred

25           to his team was denied workers compensation for treatment of a cyst that

26           formed on the top of his hand, an injury from repetitive motion – typing at

27           Apple.  This was incorrect and Plaintiff corrected the issue for the employee.

28           That same employee shared that many other employees had this occur too.

4

Plaintiff sent an email to his team regarding the importance of establishing the responsibility to an injury at work and invited employees to engage in the workers compensation process and discuss any injury to qualify it for workers compensation.  The email was sent to David Pratt too as David was included on Plaintiff's team email distribution.   David Pratt subsequently met with Plaintiff and verbally reprimanded and prohibited Plaintiff from similar communications stating that Plaintiff's employee's would "take advantage of him/Apple."

36. In or about September 2017, Plaintiff met with several of his peers and asked questions related to the management of notifications of pain while typing and carpal tunnel disabilities and found inconsistent approaches.

37. In or about September 2017, Plaintiff sent an email to his Peers including David Pratt expressing the need to address employee complaints and working conditions regarding the "triple chat" role expectation."

44. Later that same day as Plaintiff's meeting with Mr. Bishop, Plaintiff informed several employees part of the group that was complaining that they would be meeting with David Pratt to discuss specific groups.

45. Two days after Plaintiff's meeting with Justin Bishop and the uncommon audit performed by David Pratt, David Pratt met again with Plaintiff and performed an uncommon audit on the other, additional, team, that Plaintiff was requested to assist supervise.  During this audit David Pratt found some issues regarding approvals.  Plaintiff reminded David Pratt that Plaintiff had prior informed the team and David Pratt via email three different times, to which David had replied to, that technical issues regarding the approval process had occurred and to expect them.

83. On or about February 2018, Plaintiff provided Defendant Apple notice of the negligent misrepresentation including that the false statement was causing the Plaintiff to perform self-publication.

5

95. Plaintiff complained to management on behalf of others and therefore engaged in concerted activity. Plaintiff meets the standard as an individual in that the complaint constituted concerted action . . . Plaintiff did not make complaint solely on behalf of Plaintiff or individual employee, but was made on behalf of other employees or a least with the object of inducing or preparing for group action.

(ECF No. 41-1 ¶¶ 34, 36, 37, 41, 45, 83, 95.)

Moreover, even assuming Plaintiff did learn something new during his deposition – when he allegedly read his own Complaint for the first time (ECF No. 41 at 4:6-10) – or the depositions of Defendant's witnesses (*id.* at 4:11-12), this still does not explain Plaintiff's undue delay. More than ***six months*** passed between Plaintiff's deposition and the filing of his motion to amend,[2] and more than ***three months*** passed between the completion of Defendant's witnesses' depositions and Plaintiff's filing of his motion to amend.[3]

Finally, Plaintiff unpersuasively attempts to shift blame for his delayed amendment to his former counsel. Plaintiff baldly asserts – in one sentence – that his prior counsel was unresponsive to his desire to correct the Complaint. (*Id.* at 4:15-17.) But Plaintiff provides no actual evidence to support this hefty allegation against his former counsel (who represented Plaintiff for almost 18 months and through four depositions), let alone evidence that rebuts the presumption that "a client is ordinarily chargeable with his [prior] counsel's negligent acts." *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Plaintiff suspicion that his former counsel somehow "favored Apple" is similarly unfounded.[4] (ECF No. 41 at 4:17.)

In sum, Plaintiff fails to establish "good cause" and diligence under Rule 16. Accordingly, "the inquiry should end," and Plaintiff's motion for leave to amend should be denied for this reason

---

[2] Plaintiff's deposition wherein he asserted that he did not read his Complaint prior to his deposition took place on July 8, 2020. (Declaration of Scott P. Jang ("Jang Decl.") ¶ 2.)

[3] The last deposition of Defendant's witness took place on October 16, 2020. (*Id.* ¶ 3.)

[4] For example, Plaintiff claims that his prior counsel told Defendant's witness, Justin Bishop, that he [prior counsel] had "nothing but empathy" for the Defendant. (ECF No. 41 at 4:19-20.) That is not what Plaintiff's prior counsel said. To the extent Plaintiff's prior counsel expressed empathy during the deposition, it was in response to Mr. Bishop disclosing that he had to retire from his job due to "a medical issue that is going to limit [his] life." (Jang Decl. ¶ 4, Ex. 1.)

6

1    alone. *Johnson*, 975 F.2d at 609 (9th Cir. 1992).

2    **B.    Plaintiff Also Fails to Satisfy the Requirements of Rule 15.**

3    Under Rule 15, denial of leave to amend is warranted if the court finds: (1) prejudice to the

4    defendant; (2) bad faith motive on part of the plaintiff; (3) undue delay or dilatory conduct by the

5    plaintiff; and/or (4) futility of the proposed amendment. *Johnson, supra*, 356 F.3d at 1077-78 (9th

6    Cir. 2004).  As explained below, at least three of the four factors are present here: (1) prejudice; (2)

7    undue delay; and (3) futility.

8    **1.    Plaintiff's Proposed Amendment Would Prejudice Defendant.**

9    Plaintiff's motion, if granted, would prejudice Defendant.  The Ninth Circuit has repeatedly

10   held that "[p]rejudice to the opposing party is the most important factor" in determining whether

11   leave to amend should be granted under Rule 15. *Jackson, supra*, 902 F.2d at 1387.  The need for

12   a party to conduct supplemental discovery or to consider a new line of legal argument are clear

13   examples of prejudice that have regularly proven sufficient to defeat a motion for leave to amend.

14   *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  Prevailing

15   Ninth Circuit case law defines undue prejudice where an amendment would raise different legal

16   theories and require proof of different facts such that additional discovery would have to be

17   undertaken.  *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990)

18   (undue prejudice may exist, for example, when the addition of new claims at a late stage in the

19   proceedings would alter the nature of the litigation).

20   Here, Plaintiff proposes to double the facts alleged in his Complaint and introduce five new

21   claims: (1) defamation; (2) civil conspiracy; (3) negligent misrepresentation; (4) unfair business

22   practices; and (5) unfair labor practices.  (ECF No. 41-1 ¶¶ 66-98.)  To address and defend these

23   new facts and claims, the Court will need to reopen discovery so that Defendant (1) can investigate

24   and produce affirmative evidence to support its defense; and (2) can obtain written discovery and

25   depose Plaintiff again.  For example, with respect to Plaintiff's new defamation claim, Defendant

26   will need discovery on the alleged self-published statements that form the basis of the claim.  (*Id.*

27   ¶¶ 67-68.)  With respect to Plaintiff's new conspiracy claim, Defendant will need discovery on the

28   alleged ways in which Plaintiff contends that "Apple used Plaintiff's termination to signal to the

7

1   group of employees that complained to Plaintiff and planned to complain to Tim Cook, that they

2   do so at their own peril and for fear of losing their job." (*Id.* ¶ 76.)  And, as yet another example,

3   for Plaintiff's UCL claim, Defendant will need discovery on the alleged ways in which Plaintiff

4   contends Defendant's conduct was "unfair" or "fraudulent" to consumers. (*Id.* ¶¶ 89-93.)  None of

5   this was explored in prior discovery.

6          Still further, Defendant has already filed its motion for summary judgment.  Thus, to allow

7   Plaintiff to amend his pleadings at this late stage would not only mean reopening discovery, it

8   would also mean discarding Defendant's pending motion (which Defendant expended considerable

9   time and resources drafting); requiring Defendant to file another responsive pleading, including a

10  motion to dismiss; requiring Defendant to develop new defenses; and requiring Defendant to file a

11  new motion for summary judgment.  This constitutes clear prejudice to Defendant. *See Smith v.*

12  *City and County of Honolulu*, 887 F.3d 944, 951–52 (9th Cir. 2018) ("A defendant suffers prejudice

13  if a plaintiff is allowed to proceed with a new theory of recovery after close of discovery.");

14  *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010) (affirming decision to deny leave to

15  amend after the plaintiff waited nearly a year – and a substantive motion was pending against their

16  complaint – before attempting to amend it); *In re Fritz Cos. Securities Litig.*, 282 F. Supp. 2d 1105,

17  1109 (N.D. Cal. 2003) ("Prejudice might occur if an opposing party will need to bear significant

18  additional expense, or will suffer significant delays in the resolution of the dispute, because the

19  addition of claims or parties increases the scope and complexity of the litigation or because the

20  amendment will require the court to reopen discovery.").

21          **2.     Plaintiff Has Acted with Undue Delay.**

22          As discussed in the context of Rule 16, Plaintiff waited more than ***20 months*** from when he

23  filed his original Complaint to request leave to file his Proposed FAC.  The Ninth Circuit has found

24  undue delay when ***15 months*** passed between the time plaintiff discovered new facts and asserted

25  a new theory based on those facts in a motion for leave to amend. *AmerisourceBergen Corp. v.*

26  *Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)  (affirming lower court's denial of leave to

27  amend because the plaintiff did not allege any newly discovered facts nor did the plaintiff explain

28  why it waited over a year after filing its complaint before bringing these facts to the attention of the

1    court).  While Plaintiff baldly alleges that he learned of new facts during his deposition and the

2    depositions of others, he fails to identify and explain what exactly those new facts were, let alone

3    explain why he still then waited more than three to six months later to file this motion.

4            In short, Plaintiff's unduly delayed request for leave could have been avoided if it were not

5    for Plaintiff's lack of due diligence.  Plaintiff asserts no newly discovered facts, but facts that were

6    already known to him when he filed his Complaint.  Courts readily conclude that delay is prejudicial

7    (or illustrative of bad faith) where, as here, the matters in the proposed amendment were known or

8    should have been known to the amending party, and no reason is given for their exclusion from the

9    previous version of the pleading.  *See In re Fritz Cos. Secs. Litig.*, 282 F. Supp. 2d at 1110–11

10   (finding that unexplained delay between amended pleadings weighs against plaintiffs' motion for

11   leave to amend).

12                    **3.      Plaintiff's Proposed Amendment Is Futile.**

13          While the Court may and should deny Plaintiff's motion on grounds of prejudice and undue

14   delay alone, alternatively, the Court should also deny Plaintiff's motion because the new claims in

15   the Proposed FAC are legally insufficient and would be futile.  The Ninth Circuit has made clear

16   that if an amendment would be futile, leave to amend should be denied.  *Hoang v. Bank of America,*

17   *N.A.*, 910 F.3d 1096, 1102–03 (9th Cir. 2018).  Futility includes "the inevitability of a claim's

18   defeat on summary judgment." *State of Cal. v. Neville Chem. Co., 358 F.3d 661*, 673–74 (9th Cir.

19   2004).  Futility alone may justify denial of a motion to amend.  *Bonin v. Calderon*, 59 F.3d 815,

20   845 (9th Cir. 1995) (superseded on other grounds).[5]

21              **a.      Plaintiff's Defamation and Negligent Misrepresentation Claims**

22                        **Are Time-barred.**

23          Plaintiff's third cause of action in his Proposed FAC for defamation is futile because it is

24   time-barred.  Plaintiff's defamation claim is predicated on conduct that, at the latest, occurred on

25   or around December 5, 2017, when Plaintiff's employment was terminated.  (ECF No. 41-1 ¶ 47.)

26   California's statute of limitations for defamation is one year.  Cal. Civ. Proc. Code § 340.  Based

27
28

---

[5] Defendant raises several arguments for why Plaintiff's new claims fail and are thus futile.  If for
whatever reason the Court grants Plaintiff leave to amend, Defendant respectfully reserves the right
to further argue these and other defenses in a motion to dismiss.

1  on this claim, the statute of limitations passed on December 5, 2018.  Plaintiff now seeks to assert

2  this claim more than *two years* after the statute of limitations.  It is time barred.

3        Plaintiff's negligent misrepresentation claim fails for the same reason.  Plaintiff's deadline

4  to file a negligent misrepresentation claim is two years from the date of the alleged incident.  Cal.

5  Civ. Proc. Code § 339.  A claim for negligent misrepresentation accrues when a plaintiff is on

6  notice that the defendant has made the misrepresentation.  *E-Fab, Inc. v. Accountants, Inc. Servs.*,

7  153 Cal. App. 4th 1308, 1323 (2007).  Here, Plaintiff bases his negligent misrepresentation claim

8  on a discipline he received from his supervisor that was issued on September 1, 2017.  (ECF No.

9  41-1 ¶ 80.)  Therefore, the statute of limitations for this claim would have expired on September 1,

10  2019.  The claim is time barred.

11        **b.**    **Plaintiff's Negligent Misrepresentation Claim Also Fails to**

12               **Satisfy Rule 9's Pleading Requirements**

13        In California, the elements of fraud are: (1) the defendant made a false representation as to

14  a past or existing material fact; (2) the defendant knew the representation was false at the time it

15  was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the

16  plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages.

17  *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 792 (2013) (citation omitted).  "The

18  elements of negligent misrepresentation are the same except for the second element, which for

19  negligent misrepresentation is the defendant made the representation without reasonable ground for

20  believing it to be true."  Id. (citations omitted).

21        Here, Plaintiff has failed to allege facts showing how he justifiably relied on any alleged

22  representation by Defendant, let alone facts sufficient to meet Federal Rule of Civil Procedure 9's

23  heightened pleading standard.  While Plaintiff suggests in his Proposed FAC that he was somehow

24  induced to leave his employment due to a misconduct violation (ECF No. 41-1 ¶ 80), this is not

25  plausible and contradicts the rest of his Complaint.  Plaintiff does not contend that he was chose to

26  leave his employment with Defendant; rather, Plaintiff contends that he was wrongful involuntarily

27  discharged for performance reasons.  This claim fails.

28  *///*

10

1        **c.**      **Plaintiff's Civil Conspiracy Claim is Not an Independent Cause**

2        **of Action.**

3        Plaintiff's fourth cause of action for civil conspiracy also fails as a matter of law because

4  Plaintiff cannot plead conspiracy as an independent cause of action. Under California law, there is

5  no separate and distinct tort cause of action for civil conspiracy. *See Applied Equipment Corp. v.*

6  *Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (1994) (stating that "conspiracy is not an independent

7  tort; it cannot create a duty or abrogate an immunity. It allows tort recovery only against a party

8  who already owes the duty and is not immune from liability based on applicable substantive tort

9  law principles.").[6]

10        **d.**      **Plaintiff's Unfair Labor Practice Claim is Subject to the**

11        **NLRB's Exclusive Jurisdiction.**

12        Plaintiff's seventh cause of action for an Unfair Labor Practice claim is also futile because

13  the National Labor Relations Board (the "Board") has exclusive jurisdiction to adjudicate claims

14  under the National Labor Relations Act, 29 U.S.C. § 158(a)(1) *et seq.* ("NLRA").

15        Plaintiff contends that his wrongful termination is premised on violations of the NLRA,

16  Sections 7 and 8(a)(1), which prohibits adverse action, including the discharge of an employee, for

17  participation in concerted activity. Plaintiff's claim is preempted by the NLRA and the Board has

18  exclusive jurisdiction over this matter. *See San Diego Bldg. Trades Council, Millmens Union,*

19  *Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959) (holding that the Board has original, exclusive

20  jurisdiction over claims of unfair labor practices arising under sections 7 and 8 of the NLRA); *see*

21  *also Logan v. VSI Meter Servs.*, No. 10cv2478 L (WMc), 2011 U.S. Dist. LEXIS 75544, at *4-5

22  (S.D. Cal. July 12, 2011) (dismissing with prejudice wrongful termination claim based on unfair

23

24    [6] Moreover, even as a legal doctrine, Plaintiff's conspiracy theory fails. Plaintiff claims that he was dismissed from his employment in furtherance of a conspiracy to retaliate against him for his submission of OSHA violations and complaints of discriminatory business decisions and to deter

25  others from complaining to Defendant's CEO about discrimination. (ECF No. 41-1 ¶ 74.) But such an allegation cannot support a civil conspiracy theory because it is based on conduct by

26  Plaintiff's former supervisors and "Apple HR" while they were acting in their official capacity. *See Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 947 (N.D. Cal. 2003)

27  ("[A]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as

28  individuals for their individual advantage.").

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION        CASE NO. 5:19-CV-03034-EJD
FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

labor practice because NLRB has exclusive jurisdiction over such claims).  Accordingly, Plaintiff's

unfair labor practice claim is jurisdictionally barred and amendment would be futile.

**e.**     **Plaintiff Cannot Establish Unfair and Fraudulent Violations of**

**the Unfair Competition Law.**

Plaintiff's sixth cause of action for violations under Section 17200 of California's Unfair

Competition Law ("UCL") is also futile.  To assert a claim for violation of the UCL, a plaintiff

must allege that a practice is either: (1) unlawful (*i.e.*, is forbidden by law), (2) unfair (*i.e.*, harm to

victim outweighs any benefit), or (3) fraudulent (*i.e.*, is likely to deceive members of the public).

*Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1198 (N.D. Cal. 2016).  Plaintiff's claims fail under

the unfair and fraudulent prong.

**(1)**     **Plaintiff Cannot Establish Defendant Engaged in Unfair**

**Business Practices.**

Plaintiff cannot establish that Defendant engaged in unfair conduct that is actionable under

the UCL.  Under the UCL's unfairness prong, courts consider: (1) whether the challenged conduct

is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an

incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law, (2) whether

the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to

consumers, or (3) whether the practice's impact on the victim outweighs the reasons, justifications

and motives of the alleged wrongdoer.  *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204 (9th Cir. 2020).

(internal citations omitted.)

Plaintiff fails to sufficiently assert facts to support a violation that the UCL is meant to

prohibit (*i.e.*, anticompetitive practices by one competitor against a direct competitor that is tethered

to some legislatively declared policy or proof of some actual or threatened impact on competition.)

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th 163, 186-187

(1999).

Plaintiff makes vague and conclusory statements that Defendant's conduct was "unfair" but

does not provide facts that demonstrate *how* or *why* Defendant's conduct was unfair.  Plaintiff also

fails to provide facts to show the impact of Defendant's conduct on consumers.  Indeed, Plaintiff's

12

1    complaint is void of any discussion about consumers all together.  Ultimately, Plaintiff's claim is

2    not adequately pled to give proper notice to Defendant of Plaintiff's claim and the grounds on which

3    it lies.  *See* Fed. R. Civ. P. 8(a)(2).

4          Plaintiff's claim also fails under the "immoral" test and the balancing test.  Other than

5    Plaintiff's bald assertions, Plaintiff alleges no specific facts that would support his position that

6    Defendant's practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to

7    **consumers**."  *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204 (9th Cir. 2020) (affirming district court's

8    denial of the plaintiff's UCL unfairness claim because the plaintiff's conclusory recitation of one

9    of the UCL's legal standards does not clarify what conduct the plaintiff claims is unfair, or on what

10   allegations in the complaint the plaintiff relies for this claim.) (emphasis added.); *see also*

11   *McDonald v. Coldwell Banker*, 543 F.3d 498, 502 (9th Cir. 2008) (affirming grant of summary

12   adjudication on UCL claim because there was no factual evidence upon which a reasonable jury

13   could return a verdict for plaintiff finding that defendant's conduct was "immoral, unethical,

14   oppressive or unscrupulous.").  Plaintiff also does not allege how the impact of Defendant's unfair

15   practice on the Plaintiff **outweighs** "the reasons, justifications and motives of the alleged

16   wrongdoer."  *Id.*  Simply put, Plaintiff does not allege sufficient facts to show Defendant engaged

17   in unfair business practices within the meaning of the UCL.

18                    **(2)    Plaintiff Cannot Establish Defendant Engaged in**

19                            **Fraudulent Business Practices.**

20         Plaintiff also fails to satisfy the heightened pleading requirement required to establish a

21   fraudulent claim under the UCL.  UCL claims alleging fraudulent business practices trigger a

22   heightened pleading requirement.  *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1198 (N.D. Cal.

23   2016).  In addition to the general pleading requirements set forth in FRCP Rule 8, a plaintiff alleging

24   fraud must allege "with particularity the circumstances constituting fraud."  *Id.*  "The requirement

25   of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the

26   persons who made the allegedly fraudulent representations, their authority to speak, to whom they

27   spoke, what they said or wrote, and when it was said or written."  *Tarmann v. State Farm Mut.*

28   *Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).  "The plaintiff must set forth what is false or

                                            13

misleading about a statement, and why it is false." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994).   The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010).

Plaintiff's Proposed FAC is void of specific facts supporting his belief that Defendant engaged in fraud.   Rather, Plaintiff makes the conclusory statement that "Defendant committed fraudulent business acts or practices by, among other things, engaging in conduct Defendant knew or should have known were likely to and did deceive the public, including Plaintiff." (ECF No. 41-1 ¶ 93.)   Without more, Plaintiff's thin pleading is insufficient to satisfy the heightened pleading requirement to establish a UCL claim based on alleged fraudulent business practices.   Moreover, Plaintiff's claim is also insufficient to give Defendant adequate notice of the fraudulent conduct such that it cannot defend itself against the claim.

## V.   CONCLUSION

Plaintiff's Proposed FAC would prejudice Defendant, is futile, and is unjustifiably delayed. For the foregoing reasons, Defendant respectfully requests this Court to deny Plaintiff's Motion for Leave to File a First Amended Complaint.

Dated:  February 5, 2021                      JACKSON LEWIS P.C.


                                              By:    */s/ Scott P. Jang*
                                                     Mitchell F. Boomer
                                                     Scott P. Jang
                                                     Yuki Cruse
                                                     Attorneys for Defendant
                                                     APPLE INC.

4835-9311-1259, v. 1