Josh Arebalo, *pro se*
2452 North Bogus Basin Rd
Boise, Idaho 83702
Telephone: (415) 516-2553
joshworksit@icloud.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH AREBALO,<br><br>          Plaintiff;<br><br>     vs.<br><br>APPLE, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: 5:19-cv-03034-EJD<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Complaint filed: May 31, 2019<br>Trial Date: none set |

**I. INTRODUCTION AND SUMMARY**

Defendant Apple, Inc. ("Defendant") opposes Plaintiff Josh Arebalo's ("Plaintiff") Motion for Leave to Amend Original Complaint to add new facts and claims to the pleading and to modify the second Cause of Action for Retaliation. Defendant's Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (FAC) maintains that it should be denied because (1) it comes too late, (2) Plaintiff acted with undue delay and without diligence (3) Plaintiff seeks to add facts and claims to his pleading that were known to him when he filed originally, (3) Plaintiff's claims fail as a matter of law; prejudice the Defendant; cause undue delay; and are futile.

Defendant does not object to the change to the Second Cause of Action which modifies the Retaliation claim to properly assign retaliatory motive to Plaintiff's complaint of OSHA violations. This modification expanded upon the original reason that stated Plaintiff's complaint of denial of a reasonable accommodation was the motivating factor for retaliation.

1

The case is now in its late stages and with Plaintiff's counsel having recently been withdrawn from this and Defendant having filed for Summary Judgement.

**EXPIRATION OF DEADLINE**

When Plaintiff became aware that the Complaint was not filed as originally agreed upon with Counsel in May 2019.  Plaintiff has supplemented discovery and provided Apple with documentary evidence regarding this that show Counsel instructing Plaintiff that "I am not going to give you the full complaint. There's a reason for this.  I want you to deny having read it (the full thing) at the time your deposition is taken."  Counsel later follows up regarding the Complaint that, "I know it's not everything that happened but I want to put only those things that are necessary to meet the pleading requirements…. The rest of the story will come out later, I promise." In response to Plaintiff's protestation that OSHA was not part of a "timeline" Counsel and Plaintiff were working on.

After Plaintiff's deposition had taken place, and after reading the Complaint in October 2020, asked Counsel to meet and confer with Defendant to request Defendant Stipulate to a Motion for Leave to Amend.  Plaintiff also requested the timely exchange of discovery and requested that Counsel complete deposition of additional witnesses prior to the close of Fact-Discovery that were previously agreed to. Counsel pushed back only to tell Plaintiff that fact-discovery was closed,  when it was not in an email exchange in the weeks prior to the close of fact-discovery.

Plaintiff does not speculate as to why previous Counsel attributed the breakdown to other factors, but these facts are indeed what resulted in the breakdown of the relationship between Counsel and Plaintiff.  Plaintiff's Counsel made the decision to alter and not inform Plaintiff of the alteration of the Complaint and the merits of this case should not be decided based upon previous Counsel's actions which were clearly not on the same page as the Plaintiff.   A client should not suffer the ultimate sanction of losing a case without any consideration of the merits because of

attorney's neglect and inattention.  L.P. Steuart, Inc. v. Matthews, 329 F.2d 234, 235 (D.C. Cir. 1964) (stating that R. 60(b)(6) "is broad enough to permit relief when as in this case personal problems of counsel cause him grossly to neglect a diligent client's case and mislead the client"); Primbs v. United States, 4 CL.Ct. 366, 370 (1984) (holding that normal attorney-client relationship does not bar Rule 60(b) relief when "the evidence is clear that the attorney and his client were not acting as one").  These courts have concluded that an unknowing client should not be held liable on the basis of a default judgment resulting from an attorney's grossly negligent conduct, and that in such cases sanctions should be imposed on the lawyer, rather than on the faultless client.

**DEFENDANT AND PREJUDICE**

Defendant claims that prevailing Ninth Circuit case law defines undue prejudice where an amendment would raise different legal theories *and* require proof of different facts such that additional discovery would have to be undertaken.  Defendant relies on the example that "when the addition of new claims at a late stage in the proceedings would alter the nature of the litigant" undue prejudice to the Defendant occurs and is sufficient to defeat a Motion for Leave to Amend.

Defendant goes on to state the various discovery activities necessary to defend the proposed new additional claims.  For the Defamation claim, no new evidence is necessary as Plaintiff has already replied to Defendant's discovery requests regarding the defamation that occurred and chose to not depose Plaintiff's family members.  Even if Plaintiff were to concede the argument that potential employers were communicated the defamatory statements, Plaintiff's family members are most important to this claim and as such Plaintiff has complied with all discovery requests regarding this.

In similar fashion, Defendant Apple already performed discovery activities for the OSHA complaint in its Request for Production and Interrogatories to Plaintiff during fact-discovery.  Furthermore, Plaintiff has supplemented that discovery to include FOIA documents provided by OSHA.

Furthermore, Apple claims it would need to understand who the "Group of employees" was that Apple used Plaintiff's "termination to signal to the group of employees that complained to Plaintiff and planned to complain to Tim Cook" when Apple already knows this information. Instead, Apple has obfuscated an email that Plaintiff wrote to Tim Cook that shared this very information. Defendant has chosen to withhold this email during the discovery process to protect Tim Cook.

Defendant attempts to make a claim that it filed its Motion for Summary judgement prior to the filing of the Motion for Leave to Amend. The Motion for Leave to Amend was filed on January 22, 2021 and Defendant's motion for Summary Judgement was filed on February 1, 2021. Defendant argues that since the Summary Judgement was filed already, that the Defendant suffers prejudice. The dates of the filing document that this is not the case.

**PLAINTIFF DID NOT ACT WITH UNDUE DELAY**

The newly discovered facts that gave rise in part to this Proposed FAC include documentary evidence that David Pratt fraudulently submitted a Request for Termination for Plaintiff. David Pratt's deposition also contained statements known to be fraudulent such as the reason for Plaintiff reporting to David Pratt, Plaintiff's prior performance which David testified had a historical pattern of deficiencies when David Pratt was well aware of an even presented with documentary evidence that demonstrated that Plaintiff's performance historically "Achieved Expectations" which Apple defines as "consistently performed at the highest expected of the role." None of Plaintiff's performance has ever been characterized as "Not consistently achieving expectations", yet David Pratt testified under oath, and even declares in support of Summary Judgement otherwise.

**EEOC INVESTIGATION TOLLED THE STATUE OF LIMITATIONS**

In *Reginald Mitchell v. California Department of Public Health* ("*Mitchell*") (Superior

Court Case No. BC550911), the Court of Appeal for the Second Appellate District held that the one year statute of limitations for filing a California Fair Employment and Housing Action ("FEHA") civil action was equitably tolled while the employee's complaints were investigated. Under the Court's ruling, an employee may have substantially longer than one year to file a civil discrimination case against his or her employer. In *Mitchell*, the Court held that Plaintiff's Complaint was timely even though it was filed nearly three years after the DFEH issued its "right to sue" letter**".** Since Plaintiff's claims against Defendant arise out of the same "transaction or occurrence" within the meaning of Fed. R. Civ. P. 20.  And since courts reasoned that filing a charge with the EEOC qualifies as "'commencement of an action'", and as a result the statue of limitations "would have been equitably tolled while the EEOC maintained exclusive jurisdiction." *Logan v. MGM Grand Detroit Casino*, 299 F. Supp. 3d 874, 884, 885 (E.D. Mich. 2018)).[2]  at 5, PageID#727; therefore Plaintiff timely filed with the EEOC and the third cause of action in the Proposed FAC for defamation is not futile, it is not time-barred because the EEOC action commenced on April 13, 2018 which is the date tolling began.   Plaintiff was required to wait until June 11, 2018 for a phone interview and the Right to Sue letter later issued almost a year later after which the Plaintiff timely filed this case within the 90 days requirement.

   For these reasons the defamation cause of action should survive and time-barred arguments fail.

//
//
//
//
//
//
//

PLAINTIFF'S REPLY TO DEFENANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

Case No.  5:19-cv-03034-EJD

**CONCLUSION**

Plaintiff's Proposed FAC would not prejudice Defendant and survives arguments it is futile and unjustifiably delayed. Plaintiff admits that the circumstances of this case are extremely unique and requests this Court truly appreciate this uniqueness and further respectfully request the Court approve Plaintiff's Motion for Leave to File a First amended Complaint.

Dated: February 12, 2021

                                        PLAINTIFF


                              /s/
                            JOSH AREBALO

## **CERTIFICATE OF SERVICE**

CASE: *Josh Arebalo v. Apple Inc*.
CASE NO.: USDC-NDCA 5:19-cv-03034-EJD

     I, Josh Arebalo, Plaintiff and party to this matter on February 12, 2021, served the attached document(s):

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

in this action by sending via electronic mail a true and correct copies thereof, addressed as follows:

Mitchell F. Boomer, Esq.
Scott P. Jang, Esq.
Atticus Lee, Esq.
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111
E-mail: scott.jang@jacksonlewis.com
E-mail: yuki.cruse@jacksonlewis.com
E-mail: lauretta.adams@jacksonlewis.com

     [ X ] BY ELECTRONIC TRANSMISSION: I caused such document(s) to be electronically transmitted to the above email address (by written agreement, confirming letter dated and signed 02/12/2021).

     Executed on February 12, 2021 at San Francisco, California.

_____
Josh Arebalo