UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSHUA AREBALO,<br>　　　　Plaintiff,<br>　v.<br>APPLE, INC.,<br>　　　　Defendant. | Case No. 5:19-cv-03034-EJD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 41 |

Before the Court is pro se Plaintiff Josh Arebalo's Motion for Leave to File a First Amended Complaint ("Motion"). Dkt. No. 41. Plaintiff seeks to amend his complaint to include causes of action for defamation, civil conspiracy, negligent misrepresentation, unfair business practices and unfair labor practices, and also to include punitive damages and injunctive relief as remedies. Defendant Apple Inc. opposes the Motion. Dkt. No. 46. The Court took the Motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the Court DENIES the Motion.

**I.   Background**

Plaintiff is a former employee of Apple who suffers from hand pain associated with carpal tunnel. Plaintiff generally alleges that he was wrongfully terminated because of this disability and in retaliation for requesting reasonable accommodations in connection with this disability.

Plaintiff filed his original complaint on May 31, 2019. Dkt. No. 1 ("Complaint"). The Complaint asserts two causes of action: (1) violation of the Americans with Disabilities Act; and (2) wrongful termination in violation of California Public Policy under the Fair Employment Housing Act ("FEHA"). Following the Complaint, Defendant filed an Answer and the parties

Case No.: 5:19-cv-03034-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
1

1    proceeded to discovery. Fact discovery concluded on November 20, 2020 and expert discovery
2    concluded on January 26, 2021.
3          Plaintiff filed the present Motion for Leave to Amend on January 22, 2021. Pursuant to
4    the operative Case Management Order, Defendant filed its Motion for Summary Judgment about a
5    week thereafter on February 1, 2021. Both motions are now fully briefed. This Order addresses
6    only Plaintiff's Motion for Leave to Amend

## II.    Legal Standard

8          Motions to amend the pleadings are generally governed by Rule 15, however, motions to
9    amend filed after the date set in the court's scheduling order are governed by Rule 16. *Branch*
10   *Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017). Per this Court's
11   November 1, 2019 Case Management Order, this Motion comes long after the deadline to amend
12   under Rule 15. Dkt. No. 20 at 1. Thus, the motion must meet the "good cause" standard of Rule
13   16. Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the
14   judge's consent."); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir.
15   2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) ("[W]hen a party seeks
16   to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has
17   expired, the moving party must satisfy the 'good cause' standard of Federal Rule of Civil
18   Procedure 16(b)(4), which provides that a schedule may be modified only for good cause and with
19   the judge's consent, rather than the liberal standard of Federal Rule of Civil Procedure 15(a).").
20         "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking
21   the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If
22   that party was not diligent, the inquiry should end." *Id.* "Only where Rule 16's good cause
23   standard is met must a court consider whether amendment is proper under Federal Rule of Civil
24   Procedure 15." *Armas v. USAA Cas. Ins. Co.*, No. 5:17-CV-06909-EJD, 2019 WL 3323057, at *2
25   (N.D. Cal. July 24, 2019) (citing *Ammons v. Diversified Adjustment Serv., Inc.*, 2019 WL
26   2303831, at *2 (C.D. Cal. May 30, 2019)); *see also Khobragade v. Covidien LP*, 2019 WL
27   652424, at *13 (S.D. Cal. Feb. 15, 2019).

United States District Court
Northern District of California

### III.     Discussion

Plaintiff does not address Rule 16 in the Motion or in his Reply (Dkt. No. 48).  Instead Plaintiff focuses on the factors for a Rule 15 analysis.  Based on the procedural history of the case and the new allegations in the proposed amended complaint, however, the Court finds that Plaintiff has not shown that he was diligent in seeking amendment.

Plaintiff first contends that he is seeking amendment at this late stage of the proceedings based in part on evidence provided by Apple during discovery.  Motion at 2 ("Evidence provided by Apple during discovery gave, in part, rise to this Motion.").  On Reply, Plaintiff clarified that this new evidence came from the deposition of David Pratt, who he says gave false testimony which is contradicted by documentary evidence.  Reply at 4.  Plaintiff's challenge to Mr. Pratt's credibility or his recollection of events does not constitute new evidence that might excuse his delay in seeking to amend his Complaint.  Plaintiff further stated that in the course of Mr. Pratt's deposition, he discovered "documentary evidence that David Pratt fraudulently submitted a Request for Termination for Plaintiff." *Id.*  It is possible that this Request for Termination might constitute new evidence that Plaintiff did not have access to at the time his Complaint was filed. Even if that was true, however, Plaintiff has been aware of that new evidence since Mr. Pratt's deposition, which took place in or before October 2020.  Plaintiff did not file the present Motion for leave to amend until January 22, 2021, more than three months after he discovered the new evidence.  During those three months, the parties jointly filed two statements related to scheduling in which Plaintiff could have indicated his desire or intent to seek leave to amend.  Instead, the parties continued to engage in fact and expert discovery during that time.

Plaintiff next argues that his former counsel failed to assert all of the claims Plaintiff wanted to assert and failed to include all of the facts Plaintiff wanted to include in the Complaint. Plaintiff explains that on the advice of former counsel, he did not read the Complaint until after his deposition on July 8, 2020, at which point he became aware of counsel's failure to raise the claims and facts Plaintiff had wanted to raise.  Plaintiff asserts that "[u]ltimately, the failure of prior counsel to be responsive to Plaintiff's desire to correct the complaint and to hold Apple

Case No.: 5:19-cv-03034-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
3

1  accountable led to the withdrawal of counsel." Motion at 4. The Court takes Plaintiff's
2  allegations about his relationship with former counsel seriously; however, even assuming that the
3  Complaint did not accurately reflect the claims Plaintiff sought to bring, Plaintiff does not explain
4  why he waited more than six months to raise that issue with the Court or to seek leave to amend.
5  The fact that Plaintiff may have been following advice from former counsel which, in retrospect,
6  he disagrees with, does not alleviate him of his burden to show that he acted diligently. Given the
7  limited amount of new evidence at issue and the lengthy delays between Plaintiff's discovery of
8  that evidence and his Motion for leave to amend, the Court finds that Plaintiff was not diligent in
9  seeking amendment.

10  Although Plaintiff's lack of diligence is sufficient to deny his Motion, the Court also notes
11  that permitting an amended complaint at this late stage would significantly prejudice Defendant.
12  Plaintiff proposes doubling the facts alleged in his Complaint and introducing five new claims: (1)
13  defamation; (2) civil conspiracy; (3) negligent misrepresentation; (4) unfair business practices; and
14  (5) unfair labor practices. If amendment were permitted, Defendant would likely need to take
15  additional depositions, propound additional written discovery, and possibly amend its initial
16  disclosures. *See Smith v. City and County of Honolulu*, 887 F.3d 944, 951-52 (9th Cir. 2018) ("A
17  defendant suffers prejudice if a plaintiff is allowed to proceed with a new theory of recovery after
18  close of discovery."). Plaintiff maintains that no new discovery is needed to prove or defend the
19  new legal theories. But Plaintiff cannot make that determination for Defendant; Defendant would
20  be entitled to discovery to establish its defenses to the new claims just as it was with the original
21  claims.
22  Moreover, Defendant's Motion for Summary Judgment is currently pending. Allowing
23  amendment would mean discarding that pending motion, requiring Defendant to file a new
24  responsive pleading, including a motion to dismiss, and then require Defendant to file a new
25  motion for summary judgment. This motion practice will result in considerable additional time
26  and expense and is prejudicial to Defendant. *See Baker v. Santa Clara Univ.*, No. 5:17-CV-
27  02213-EJD, 2018 WL 3491689, at *3 (N.D. Cal. July 19, 2018) (denying leave to amend where

United States District Court
Northern District of California

Plaintiff delayed n bringing the motion and where "Defendant would likely need to . . . file a motion to dismiss, and revise its pending summary judgment motion.").

Thus, the Court finds that Plaintiff did not act diligently in seeking amendment. The Court further finds that amendment at this late stage would result in significant prejudice to Defendant. The Court concludes that Plaintiff has not shown "good cause" to amend under Rule 16 and therefore, no Rule 15 inquiry is warranted.

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to Amend is DENIED.

**IT IS SO ORDERED.**

Dated:  April 9, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-03034-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
5