UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSHUA AREBALO,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No.  5:19-cv-03034-EJD<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**<br><br>Re: Dkt. No. 69 |

Plaintiff Joshua Arebalo filed this action against Defendant Apple, Inc. for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and wrongful termination. Dkt. No. 1. Counsel from West Coast Trial Lawyers, APLC ("WCTL") initially represented Mr. Arebalo but withdrew on December 10, 2020. Dkt. No. 33. Mr. Arebalo has since proceeded pro se. The parties have finalized a settlement agreement, but Apple has not yet fulfilled its obligations under that agreement based on a purported lien dispute between Mr. Arebalo and WCTL. Dkt. No. 65; *see also* Dkt. No. 34. WCTL now moves for (1) a preliminary injunction preventing Apple from delivering the settlement payment to Mr. Arebalo until the lien is resolved, and (2) declaratory relief establishing that WCTL is entitled to the full fee under its retainer agreement with Mr. Arebalo.[1] Dkt. No. 69.

---

[1] The Court notes that the docket entry text for the motion reflects that WCTL filed its motion under Mr. Arebalo's name. Because WCTL no longer represents Mr. Arebalo, it is inappropriate for WCTL to do so. WCTL is now effectively a third-party and must enter a separate appearance reflecting that, and WCTL shall not file any further submissions under Mr. Arebalo's name.

Case No.: 5:19-cv-03034-EJD
ORDER DENYING MOT. FOR PRELIM. INJUNCT.
1

1   The Supreme Court has emphasized that preliminary injunctions are an "extraordinary
2   remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015)
3   (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To secure a preliminary
4   injunction, WCTL must make a clear showing that (1) it is likely to succeed on the merits, (2) it is
5   likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities
6   tips in its favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20–22. To
7   grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been]
8   made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).
9   Assuming that this threshold has been met, "serious questions going to the merits and a balance of
10  hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction,
11  so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the
12  injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th
13  Cir. 2011) (internal quotation marks omitted).

14  WCTL has not shown that it is likely to succeed on the merits of its contract dispute with
15  Mr. Arebalo. First, WCTL's motion is not supported with any documentary evidence. It does not
16  provide a copy of the retainer agreement.[2] Nor does WCTL provide any evidence that a legally
17  enforceable lien exists beyond its say-so. The notice of lien that WCTL filed on December 22,
18  2020 likewise does not include an abstract of judgment issued by any court. *See* Dkt. No. 34. The
19  Court is not prepared to grant injunctive relief without a factual basis for doing so.

20  For the same reasons, the Court also does not find that WCTL has shown it is likely to
21  suffer irreparable harm. WCTL asserts that "its ability to enforce its rights by a separate action
22  against Plaintiff Arebalo, a non-California resident, may be prohibitive, impossible or unfeasible"
23  and that there is "a plausible risk" that Mr. Arebalo will dissipate any recovery before WCTL can
24  timely obtain a judgment against him. Dkt. No. 69 at 3, 4–5. These assertions are entirely

---

[2] As to WCTL's offer to submit the document under seal or for in camera review, WCTL does not need the Court's permission to request to file documents under seal pursuant to Civil Local Rule 79-5.

Case No.: 5:19-cv-03034-EJD
ORDER DENYING MOT. FOR PRELIM. INJUNCT.
2

speculative and not grounded in any factual evidence. WCTL acknowledges that it has a clear method of recourse—a separate action against Mr. Arebalo, whether in California or Idaho—but apparently simply does not wish to pursue that option. *See id.* The Court will not grant extraordinary relief on such grounds.

With respect to WCTL's request for declaratory relief under 28 U.S.C. § 2201(a), such relief derives entirely from a claim properly pled in a complaint. *See, e.g.*, *VIA Techs., Inc. v. SONICBlue Claims LLC*, No. C 09-2109 PJH, 2010 WL 2486022, at *3 (N.D. Cal. June 16, 2010) ("Under federal law, declaratory relief is not an independent cause of action, but only a remedy."). WCTL's breach of contract dispute with Mr. Arebalo is not before this Court. Additionally, "[t]he Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. It only permits the district court to adopt a specific remedy when jurisdiction exists." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983). To the extent WCTL asserts that the Court possesses diversity jurisdiction over a putative contract claim, WCTL has not provided any evidence that the amount in controversy is satisfied. The Court sees no basis for granting declaratory relief over a state law claim that is not properly before it, and it will not provide what amounts to an advisory opinion about the merits of a private contract dispute.

WCTL's motion for a preliminary injunction and for declaratory relief is DENIED.

**IT IS SO ORDERED.**

Dated: June 17, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-03034-EJD
ORDER DENYING MOT. FOR PRELIM. INJUNCT.
3