Josh Arebalo, *pro se*
2452 North Bogus Basin Rd
Boise, Idaho 83702
Telephone: (520) 428-1668
joshworksit@icloud.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH AREBALO,<br><br>       Plaintiff;<br><br>    vs.<br><br>APPLE, INC., a California Corporation;<br>and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: 5:19-cv-03034-EJD<br><br>**NOTICE OF AND MOTION TO SET ASIDE SETTLEMENT AND VACATE ORDER TO TEMPORARILY STAY MATTER**<br><br>Complaint filed: May 31, 2019<br>Trial Date: none set |

    COMES NOW the Plaintiff, JOSH AREBALO, (who hereinafter shall be referred to as the "Plaintiff" or as "AREBALO"), who does hereby moves this court for an order set aside the Settlement Agreement and vacate order to Temporarily Stay Matter filed on May 5th, 2021, under the provisions of pursuant to Federal Rule of Civil Procedure 60(b)(3), on the grounds Defendant through fraud, received unfair and unconscionable benefit from the Settlement Agreement.

    This motion is based on the Defendant's fraud it committed when Defendant voluntarily put forward and told the Plaintiff that his understanding of a material part of the case was incorrect. It was at this time that Plaintiff told Defendant that Plaintiff was suffering from mental health issues as a result of conflicting stories and facts put forward by the Defendant that contradicted Plaintiff's recollection of events; and that this stress was

a problem for the Plaintiff's health.  Defendant agreed to support the fraudulent claim with evidence if Plaintiff agreed to settle.   The settlement agreement contains terms that guarantee this information would be produced by Defendant and relying on this assurance Plaintiff agreed to settle.

Defendant could not and has not produced the information promised and Plaintiff believes this was fraud to induce settlement.

This court has jurisdiction to consider a motion for a Rule 60(b) action seeking to set aside the settlement agreement— Id. (discussing Rule 60(b)(6)); see also McCall-Bey v. Franzen, 777 F.2d 1178, 1186 (7th Cir. 1985) (applying this same distinction, stating "[a]ny time a district judge enters a judgment, even one dismissing a case by stipulation of the parties, he retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule"); Hinsdale v. Farmers Nat'l Bank & Tr. Co., 23 F.2d 993, 996 (6th Cir. 1987) (same).

Pursuant to Rule 60(b)(3). Rule 60(b)(3) on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

Plaintiff is seeking to vacate the temporary stay on this matter and invalidate the settlement agreement on the basis of fraud.  Plaintiff seeks this rather than to file a motion to dismiss this case with prejudice.

Dated:  July 27, 2021

PLAINTIFF

_____/s/_____
JOSH AREBALO