REDACTED VERSION OF DOCUMENT TO BE SEALED

1  Mitchell F. Boomer (State Bar No. 121441)
   Scott P. Jang (State Bar No. 260191)
2  Yuki Cruse (State Bar No. 310073)
   JACKSON LEWIS P.C.
3  50 California Street, 9th Floor
   San Francisco, CA  94111
4  Telephone      (415) 394-9400
   Facsimile:     (415) 394-9401
5  E-mail:        Mitchell.Boomer@jacksonlewis.com
   E-mail:        Scott.Jang@jacksonlewis.com
6  E-mail:        Yuki.Cruse@jacksonlewis.com

7  Attorneys for Defendant
   APPLE INC.
8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  JOSH AREBALO,                          Case No. 5:19-cv-03034-EJD

13                Plaintiff,               **DEFENDANT'S NOTICE OF MOTION
                                           AND MOTION TO ENFORCE
14       v.                                SETTLEMENT; MEMORANDUM OF
                                           POINTS AND AUTHORITIES IN
15  APPLE, INC.; a California Corporation; and   SUPPORT THEREOF**
    DOES 1 through 10, inclusive,
16                                         [Filed concurrently with Declaration of Scott
                  Defendants.              P. Jang, [Proposed] Order]
17
                                           Date:        December 2, 2021
18                                         Time:        9:00 a.m.
                                           Judge:       Edward J. Davila
19                                         Courtroom:   4

20                                         Complaint Filed:  May 31, 2019
                                           Trial Date:       None Set
21

22                    __NOTICE OF MOTION__

23  TO PLAINTIFF (PROCEEDING PRO SE):

24       PLEASE TAKE NOTICE THAT on December 2, 2021, at 9:00 a.m. in Courtroom 4, or as

25  soon as can be heard thereafter, before U.S. District Judge Edward J. Davila of the above-entitled

26  Court, located at 280 South 1st Street, San Jose, CA 95113, Defendant Apple Inc. ("Defendant")

27  will move this Court for an order enforcing settlement in this matter and dismissing Plaintiff's suit

28  with prejudice.

1

REDACTED VERSION OF DOCUMENT TO BE SEALED

1

2

3

4
          This motion is made under Federal Rules of Civil Procedure, Rule 7(b), Local Rule 7-1, and applicable case law, on the grounds that all material terms of the settlement were agreed upon by the parties, thereby resolving their dispute in its entirety. Defendant satisfied the terms of the settlement agreement and therefore Plaintiff must dismiss this action, with prejudice.

5

6

7

8
          This motion is based on this Notice, on the accompanying Memorandum of Points and Authorities, the Declaration of Scott P. Jang filed concurrently with this notice, all the pleading and papers on file in this action, and on such other evidence or argument that the Court may properly consider.

9     Dated:  October 28, 2021                              JACKSON LEWIS P.C.

10

11                                                   By:    /s/ Scott P. Jang
12                                                          Mitchell F. Boomer
                                                            Scott P. Jang
13                                                          Yuki Cruse
                                                            Attorneys for Defendant
14                                                          APPLE INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REDACTED VERSION OF DOCUMENT TO BE SEALED

1

2

3

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND .................................................................................................1

        A.      Procedural History ................................................................................1

        B.      The Parties' Settlement Negotiations....................................................2

                1.      ███████████ .................................................................2

                2.      ██████████████ .....................................................2

                3.      ████████████████████████ ............................2

                4.      ████████████████ ................................................4

        C.      ███████████████ ....................................................5

                1.      ████████████████ ...........................................5

                2.      ████████████████ ...........................................5

        D.      Plaintiff is in Breach of the Settlement Agreement ..............................6

III.    LEGAL ARGUMENT .........................................................................................6

        A.      This Court has the authority to enforce the Settlement Agreement. ......6

        B.      The Settlement Agreement was complete, and the Parties intended to be
                bound by its terms. ...............................................................................7

        C.      The Court should order Plaintiff to dismiss this action with prejudice, per the
                Settlement Agreement because Defendant satisfied all terms. ...............8

IV.     CONCLUSION ................................................................................................10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# TABLE OF AUTHORITIES

3

## CASES

4

*Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993)..............................................7

5
6

*Fair Hous. Council of Cent. Cal., Inc. v. Tylar Prop. Mgmt. Co.*, 975 F. Supp. 2d
1115, 1118 (E.D. Cal. 2012) .............................................................................................7

7

*Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977)....................................7

8

*In re Suchy*, 786 F.2d 900, 902-03 (9th Cir. 1982) ............................................................6

9

*Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990)..............................................7

10

*Jelin v. San Ramon Valley Unified Sch. Dist.*, No. 16-cv-05986-EDL, 2019 U.S.
Dist. LEXIS 36163, at *5 (N.D. Cal. Mar. 6, 2019) .........................................................7

11

*Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) ..................................7

12
13

*Milliner v. Mut. Sec., Inc.*, No. 15-cv-03354-DMR, 2021 U.S. Dist. LEXIS 120259,
at *8-9 (N.D. Cal. June 28, 2021) .........................................................................7

14

*TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) ..............................6

15

*United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.
1992) ....................................................................................................................7

16
17

## RULES

18

Fed. R. Civ. P 9 .............................................................................................................9

19
20
21
22
23
24
25
26
27
28

REDACTED VERSION OF DOCUMENT TO BE SEALED

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3       Plaintiff Josh Arebalo ("Plaintiff") and Defendant Apple Inc. ("Defendant") (collectively,

4   the "Parties") executed a written settlement agreement (the "Agreement") resolving Plaintiff's

5   claims against Defendant. ███████████████████████████████████

6   ████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   ███████   For these reasons, Defendant requests that this Court use its inherent authority to enforce

10  the Agreement and dismiss this action with prejudice.

11  **II.   BACKGROUND**

12        **A.   Procedural History**

13        Plaintiff initiated this action on May 31, 2019.  (ECF 1.)  In his Complaint, Plaintiff alleges

14  that Defendant failed to accommodate his purported carpal tunnel syndrome (despite Defendant

15  providing him all the time off he requested when he complained of wrist pain due to *his moving*

16  *homes*) and terminated his employment due to his purported carpal tunnel syndrome and raising

17  complaints from others about working conditions (and not because of his documented performance

18  gaps for which he received coaching in the prior *seven months*).

19        Defendant moved for summary judgment on February 1, 2021.  (ECF 45.)  The motion was

20  ultimately taken off calendar by the Court after the Parties notified the Court on May 5, 2019, that

21  they had reached a settlement.  (*See* ECF 63 & 68.)  As further detailed in this brief, the Parties did

22  in fact execute a settlement agreement ███████████, and Defendant completed its obligations

23  under the agreement.  Nevertheless, instead of dismissing the case, Plaintiff filed a motion on July

24  26, 2021 to set aside the settlement agreement.  (ECF 71.)  Defendant opposes the motion and files

25  this cross-motion to enforce the settlement.  (ECF 73.)

26  / / /

27  / / /

28  / / /

REDACTED VERSION OF DOCUMENT TO BE SEALED

**B.**     **The Parties' Settlement Negotiations**

1.   

2.     Plaintiff's Counsel Withdraws

Shortly after mediation, Plaintiff's (now former) counsel moved to withdraw representation. (*See* ECF 31 & 32.)  According to Plaintiff's former counsel, a "break-down of the attorney-client relationship between [Plaintiff] and [his former counsel] began and quickly escalated in the ensuing days before the Mediation," and there was a "complete breakdown" of the relationship in the days following the mediation.  (ECF 31 at 3.)  The Court granted the request to withdraw representation on December 10, 2020.  (ECF 33.)  Plaintiff has proceeded *pro se* since.

3.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
ENFORCE SETTLEMENT; MPA IN SUPPORT THEREOF                Case No. 5:19-CV-03034-EJD

REDACTED VERSION OF DOCUMENT TO BE SEALED



3

REDACTED VERSION OF DOCUMENT TO BE SEALED



/ / /

4

REDACTED VERSION OF DOCUMENT TO BE SEALED

**C.**



(*See* Declaration of Bob Ulrey ("Ulrey Decl.") ¶¶ 1-8.)

2.

5

REDACTED VERSION OF DOCUMENT TO BE SEALED

**D.    Plaintiff is in Breach of the Settlement Agreement**

Instead of dismissing the case in accordance with the Parties' agreement, Plaintiff filed a motion to set aside the settlement on July 26, 2021.  (ECF 71.)  Plaintiff's motion inflammatorily accuses Defendant, without any evidence or meaningful explanation, of not producing the break information and fraudulently inducing him to settle the case.  (*Id.*)  Plaintiff's reply brief fares no better.  (ECF 78.)  In a belated attempt to meet the high "clear and convincing evidence" standard for fraud that is required to set aside a settlement agreement, *see Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004), Plaintiff for the *first time* suggests that his request for information about breaks referred to a "specific blurb" that he had in mind, namely the following "blurb:"

> There are a number of things you can do to decrease the possibility of developing an injury.
> - Request an ergonomic evaluation
> - Take brief, regular recovery stretch breaks every 45 minutes
> - Establish a Personal Fitness Program

(ECF 78 at 1-2.)

**III.    LEGAL ARGUMENT**

**A.    This Court has the authority to enforce the Settlement Agreement.**

A court has inherent power to enforce a settlement agreement involving an action pending before it. *See, e.g.*, *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986); *In re Suchy*, 786 F.2d 900, 902-03 (9th Cir. 1982).  "The power of a trial court to enter a

6

REDACTED VERSION OF DOCUMENT TO BE SEALED

judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Fair Hous. Council of Cent. Cal., Inc. v. Tylar Prop. Mgmt. Co.*, 975 F. Supp. 2d 1115, 1118 (E.D. Cal. 2012). The court's power to enforce settlement agreements includes authority to award damages to the nonbreaching party or specific performance, as appropriate. *TNT Marketing*, 796 F.2d at 278.

"The interpretation of a settlement agreement is governed by principles of state contract law." *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990)). "This is so even where a federal cause of action is 'settled' or 'released.'" *Id.* (citing *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992)). Here, California contract law should govern the Court's analysis because the Parties litigated and settled the case in California and Defendant is a resident of California. *See Milliner v. Mut. Sec., Inc.*, No. 15-cv-03354-DMR, 2021 U.S. Dist. LEXIS 120259, at *8-9 (N.D. Cal. June 28, 2021).

In California, a settlement agreement must meet two requirements for the Court to enforce it. First, it must be a "complete agreement." *Jelin v. San Ramon Valley Unified Sch. Dist.*, No. 16-cv-05986-EDL, 2019 U.S. Dist. LEXIS 36163, at *5 (N.D. Cal. Mar. 6, 2019) (citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994)). Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Id.* (citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977)). As discussed below, the Parties' Agreement satisfies each of these requirements and the Court should enforce it.

**B.    The Settlement Agreement was complete, and the Parties intended to be bound by its terms.**

The Court should enforce the Agreement because it constitutes a complete agreement, and the Parties agreed to its terms. Through negotiations, the Parties agreed to definite terms, *inter alia*:

7

REDACTED VERSION OF DOCUMENT TO BE SEALED

1

2

3

4

5

6

7    **C.    The Court should order Plaintiff to dismiss this action with prejudice, per the Settlement Agreement because Defendant satisfied all terms.**

8

9        Defendant satisfied the material terms of the Agreement and therefore Plaintiff must dismiss

10   his action pending before this Court. Pursuant to the Agreement,

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

REDACTED VERSION OF DOCUMENT TO BE SEALED

1

2

3

4

5

6

7

8

9

10

11    Despite Defendant's full performance of the terms of the Agreement, Plaintiff moved to set

12  aside the settlement on baseless grounds that Defendant fraudulently induced him. (ECF No. 71.)

13  However, Plaintiff fails to explain just how Defendant purportedly committed fraud and cites

14  absolutely no evidentiary support for his allegation. *Id.* Rather, Plaintiff vaguely claims that he has

15  been informed by an unnamed source that the "mini-break" information Defendant provided was

16  not available to employees in 2017. (ECF No. 78.) Plaintiff's vague assertions are not evidence and

17  cannot support his motion. *See* Fed. R. Civ. P 9 (requiring allegations of fraud to be alleged with

18  particularity). Defendant opposed Plaintiff's motion, which is utterly without merit. (ECF No. 73.)

19

20

21

22

23

24

25

26    The Court should therefore order specific performance of the

27  Agreement and order Plaintiff to dismiss this action, with prejudice.

28  / / /

9

REDACTED VERSION OF DOCUMENT TO BE SEALED

1     **IV.**     <u>**CONCLUSION**</u>

2          For these reasons, Defendant respectfully requests that the Court: (1) issue an order

3 enforcing the Settlement Agreement between Plaintiff and Defendant; (2) dismiss this action

4 against Defendant with prejudice according to the Settlement Agreement.

5

6

7 Dated:  October 28, 2021                  JACKSON LEWIS P.C.

8

9                      By:    /s/ Scott P. Jang

                            Mitchell F. Boomer

10                         Scott P. Jang

                        Yuki Cruse

11                         Attorneys for Defendant

                        APPLE INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REDACTED VERSION OF DOCUMENT TO BE SEALED

### ***CERTIFICATE OF SERVICE***

CASE:        *Josh Arebalo v. Apple Inc.*
CASE NO.:    USDC-NDCA 5:19-cv-03034-EJD

I, Cenaida E. Guzman, declare that I am employed with the law firm of Jackson Lewis P.C.,

whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over

the age of eighteen (18) years and am not a party to this action.

On November 4, 2021, I served the attached document(s):

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (REDACTED);**

**DECLARATION OF SCOTT JANG IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT (REDACTED);**

**DECLARATION OF BOB ULREY IN SUPPORT OF DEFENDANT'S MOTION TO ENFROCE SETTLEMENT; and**

**PROPOSED ORDER.**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed

as follows:

JOSH AREBALO
APPEARING PRO SE
2452 North Bogus Basin Rd
Boise, ID 73802
415-516-2553
Email: joshworksit@icloud.com

[]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.  **[(X) *Courtesy copy by email.*]**

[ ]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]   BY FACSIMILE:  I caused such document(s) to be transmitted by facsimile from our facsimile number 415.394.9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

[ X ] BY ELECTRONIC TRANSMISSION:  I caused such document(s) to be electronically transmitted to the above email address by written agreement.

11

REDACTED VERSION OF DOCUMENT TO BE SEALED

1       I declare that I am employed in the office of a member of the bar of this Court at whose

2   direction the service was made.

3       Executed on November 4, 2021 at San Francisco, California.

4

5                                      /s/   Cenaida E. Guzman
                                      Cenaida E. Guzman

6

7

8

9       4870-6043-2385, v. 1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12