1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    JOSHUA AREBALO,                       Case No.   5:19-cv-03034-EJD

9              Plaintiff,                   **ORDER GRANTING IN PART AND
                                            DENYING IN PART
10         v.                               ADMINISTRATIVE MOTIONS TO
                                            SEAL**
11   APPLE, INC.,

12             Defendant.                   Re: Dkt. Nos. 77, 80, 81, 89

13

14        In connection with Plaintiff Joshua Arebalo's motion to set aside the settlement agreement

15   (Dkt. No. 71) and Defendant Apple Inc.'s ("Apple") motion to enforce the settlement agreement

16   (Dkt. No. 85), Apple seeks to file portions of its briefs and supporting papers under seal.  Dkt.

17   Nos. 77, 80, 89.  For the following reasons, the Court GRANTS IN PART and DENIES IN PART

18   Apple's motions to seal.

19   **I.    LEGAL STANDARD**

20        "Historically, courts have recognized a 'general right to inspect and copy public records

21   and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of*

22   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

23   U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a strong

24   presumption in favor of access is the starting point."  *Kamakana*, 447 F.3d at 1178 (internal

25   quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

26   (9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong

27   presumption in favor of access to court records.").  Parties seeking to seal judicial records relating

28   Case No.: 5:19-cv-03034-EJD
     ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL

United States District Court
Northern District of California

1

United States District Court
Northern District of California

1    to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto*

2    *Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming

3    the presumption with "compelling reasons supported by specific factual findings that outweigh the

4    general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at

5    1178–79 (internal quotation marks and citation omitted).

6          Records attached to motions that are "not related, or only tangentially related, to the merits

7    of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at

8    1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court

9    records attached only to non-dispositive motions because those documents are often unrelated, or

10   only tangentially related, to the underlying cause of action." (internal quotation marks and citation

11   omitted)).  Parties moving to seal records attached to motions unrelated or only tangentially

12   related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the

13   Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d

14   at 1179–80.  The "good cause" standard requires a "particularized showing" that "specific

15   prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v.*

16   *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P.

17   26(c).  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning"

18   will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation

19   omitted).

20         A motion to compel enforcement of settlement is only tangentially related to the merits of

21   the underlying cause of action, and therefore it constitutes a non-dispositive motion. *See NetApp,*

22   *Inc. v. Nimble Storage, Inc.*, No. 5:13-cv-05058-LHK, 2015 WL 5569420, at *1 (N.D. Cal. Sept.

23   22, 2015) (finding motion to enforce settlement agreement non-dispositive and therefore applying

24   the good cause standard to motion to seal).  Accordingly, "[c]ourts apply the good cause standard

25   to requests to seal information filed in conjunction with a motion to enforce a settlement

26   agreement . . ." *Dodocase VR, Inc. v. MerchSource, LLC*, No.17-cv-07088-EDL, 2018 WL

27   5619799, at *1 n.1 (N.D. Cal. May 22, 2018); *NetApp*, 2015 WL 5569420, at *1 (same).  The

28   Case No.: 5:19-cv-03034-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL
2

1    good cause showing, however, must be "particularized." *Kamakana*, 447 F.3d at 1179.

2        Pursuant to Rule 26(c), a trial court has broad discretion to permit *sealing* of court

3    documents for, inter alia, the protection of "a trade secret or other confidential research,

4    development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

5    adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

6    trade secret may consist of any formula, pattern, device or compilation of information which is

7    used in one's business, and which gives him an opportunity to obtain an advantage over

8    competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

9    (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

10   production of goods . . . . It may, however, relate to the sale of goods or to other operations in the

11   business . . . ." *Id.* (alterations in original). Furthermore, the U.S. Supreme Court has recognized

12   that sealing may be justified to prevent judicial documents from being used "as sources of

13   business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

14       In addition, parties moving to seal documents must comply with the procedures established

15   by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

16   that establishes the document is "sealable," or "privileged, protectable as a trade secret or

17   otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly

18   tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-

19   5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed

20   order that is narrowly tailored to seal only the sealable material" and that "lists in table format

21   each document or portion thereof that is sought to be sealed," as well as an "unredacted version of

22   the document" that "indicate[s], by highlighting or other clear method, the portions of the

23   document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1).

24   **II.    DISCUSSION**

25       Apple seeks to seal portions of its opposition brief to Arebalo's motion to set aside the

26   settlement agreement, its motion to enforce the settlement agreement, and its reply in support of its

27   motion to enforce, as well as portions of supporting declarations and exhibits. Dkt. Nos. 77, 80,

28   Case No.: 5:19-cv-03034-EJD
     ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL
     3

1   89.  Apple argues that this information should be maintained under seal because it quoting or

2   referencing terms from the parties' confidential settlement agreement and settlement

3   communications/negotiations.  *See, e.g.*, Dkt. No. 77 at 2–3.

4   Courts in this district have recognized the general policy of protecting settlement

5   negotiations and communications in order to promote settlement and have concluded that this

6   policy satisfies the more demanding "compelling reasons" standard to seal judicial records.

7   *Milliner v. Mut. Securities, Inc.*, No. 15-CV-03354-DMR, 2021 WL 2645794, at *5 (N.D. Cal.

8   June 28, 2021) (listing cases).  However, Civil Local Rule 79-5 requires that a sealing request be

9   narrowly tailored to seal only truly sealable material.  Apple does not provide a sufficient

10  particularized justification for sealing all the portions requested.

11  As to the settlement agreement itself, the only terms truly relevant to the parties' motions

12  are the production provision and the integration clause.  Another Court in this district has denied

13  requests to seal a very similar discovery obligation provision in a settlement agreement and

14  discussions about those obligations.  *United States ex rel. Lesnik v. Eisenmann SE*, No. 16-CV-

15  01120-LHK, 2021 WL 2092944 (N.D. Cal. May 11, 2021).  Apple has not demonstrated how the

16  production provision or the integration clause reveal any sensitive or confidential information.

17  "[T]he public's understanding of the motion[s] and the Court's ruling require[] disclosure" of

18  those specific terms.  *Id.* at *3.  Accordingly, the Court finds that no good cause exists to seal the

19  production provision[1] or the integration clause.

20  However, the public has a minimal interest in knowing the terms of the settlement

21  agreement that are not the focus of the parties' motions and the Court's ruling.  *Id.*  Balancing the

22  public and private interest, the Court finds that good cause exists to seal the remainder of the

23  settlement agreement.

24  As to the parties' settlement communications, the Court first observes that Apple did not

25

26

27  [1] The Court finds it appropriate to seal information reflecting the amount of the production provision's penalty fee.

28  Case No.: 5:19-cv-03034-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL
4

United States District Court
Northern District of California

1   seek to seal portions of Arebalo's briefs that quote or otherwise refer to the parties'

2   communications.  Accordingly, any communications quoted or referred to in Arebalo's briefs have

3   already been publicly revealed.  *See, e.g.*, Dkt. No. 78 at 2 (quoting from April 30, 2021 email

4   from defense counsel to Arebalo).  As to the remainder of the communications, the Court finds it

5   appropriate to seal only the proposed settlement terms and actual negotiations concerning those

6   terms, with the exception of the production provision and integration clause as described above.

7   *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC),

8   2020 WL 2425792, at \*4 (N.D. Cal. May 12, 2020) (granting motions to seal to the extent they

9   seek to seal proposed settlement terms and actual settlement negotiations and denied in all other

10  respects).  The parties' emails must be redacted to conceal only the proposed settlement's terms

11  and any actual negotiations on those terms.

12          The Court finds that Apple's proposed redactions are not narrowly tailored.  Apple seeks to

13  seal broad swaths of text (amounting to over half of Apple's briefs) consisting of information that

14  merely reflects the general nature of all settlement agreements or that does not reflect clearly

15  confidential information, such as the mediator's name, when mediation occurred, or the dates of

16  certain communications or events.  Apple also seeks to seal information that the parties already

17  revealed in publicly filed documents.  *Compare, e.g.*, Dkt. No. 80-1 at 1 and 5 (seeking to seal

18  date of agreement execution and information described in the declaration of Bob Ulrey) *with* Dkt.

19  No. 80-8 (Ulrey declaration filed with no redactions) *and* Dkt. No. 80-1 ¶ 3 (revealing date of

20  execution in publicly filed declaration).  Apple provides no specific justification for sealing this

21  information.  *See Bunsow De Mory LLP v. N. Forty Consulting LLC*, 20-CV-04997-JSC, 2020 WL

22  7872197, at \*2 (N.D. Cal. Aug. 7, 2020) ("Just because a provision is in an agreement that the parties

23  designated as confidential does not make that provision sealable when the parties litigate that

24  agreement in federal court.").

25          Additionally, Apple's requests do not match its proposed redactions, forcing the Court to

26  expend far more time and resources than should be necessary to resolve the sealing motions.

27  *Compare, e.g.*, Dkt. No. 80-11 (proposed order requesting to seal portions of pages 3–7, 8, 9–11) *with*

28  Case No.: 5:19-cv-03034-EJD

United States District Court
Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL

United States District Court
Northern District of California

1   Dkt. No. 80-3 (proposed redactions for motion to enforce settlement on pages i, 1, 2, 3–6, 7–9).  Nor

2   did Apple's request to redact its reply in support of its motion to enforce settlement highlight the

3   portions sought to be redacted.  *See* Dkt. No. 89-4.  This marks at least the second time Apple has

4   failed to comply with Civil Local Rule 79-5.  *See* Dkt. No. 76.

5   **III.    CONCLUSION**

6           For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Apple's

7   motions to seal as follows:

8

| Document | Portion Sought to be Sealed | Court's Ruling |
|---|---|---|
| Apple's Opposition to Plaintiff's Motion to Set Aside Settlement and Vacate Order to Temporarily Stay Matter (Dkt. No. 73) | Page 2: lines 24-27, 28 | Denied |
| | Page 3: lines 1-2, 4-6, 7-8, 9, 10, 11-13, 14-17 | Granted only as to the penalty fee amount, the 6th word of line 13, and the 4th word of line 16 |
| Declaration of Scott P. Jang in Support of Defendant's Opposition to Plaintiff's Motion to Set Aside Settlement and Vacate Order to Temporarily Stay Matter (Dkt. No. 73-1) | Entire document | Granted |
| Apple's Motion to Enforce Settlement (Dkt. No. 85) | Page i: lines 8-14 | Granted only as words 4-5 of line 14 (Heading II.C.2) |
| | Page 1: lines 5-9, 22 | Granted only as to words 10-13 of line 5 and word 1 of line 6 |
| | Page 2: lines 2-7, 15-28 | Granted only as to the proposal amount on line 5; words 16-19 of line 18; words 1-5 of line 19; offer amount on line 24; quoted text on line 2; quoted text on line 26, and quoted text on line 27 |
| | Page 3: lines 1-28 | Granted only as to the quoted text on lines 2-3; the offer amount on line 4; words 14-15 of line 7; words 3-4 of line 8, words 2-4 of line 9; offer |

28  Case No.: 5:19-cv-03034-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL

| | | amount on line 10; item (1) on lines 11-12; offer amount on line 15; penalty fee amount on line 17; penalty fee amount on line 18; words 12-14 of line 21; line 22; offer amount on line 23; words 7-12 of line 25; offer and penalty fee amounts and words 7-11 of line 26 |
|---|---|---|
| | Page 4: lines 1-26 | Granted only as to line 2; offer amount on line 3; offer amount on line 8; words 1-5 of line 9; words 4-6 of line 10; words 6-13 of line 11; words 9-16 of line 18; amount on line 19; words 10-20 of line 20; words 1-13 of line 21; penalty fee amount and words 1-2 of line 26 |
| | Page 5: lines 1-14, 16-28 | Granted only as to words 2-5 of line 16; last word of line 18; lines 19-25; words 6-14 of line 27; line 28 |
| | Page 6: lines 1-3, 17-23 | Granted only as to line 1; first word and last 4 words of line 2; last word of line 22; line 23 |
| | Page 7: lines 25-28 | Granted only as to settlement amount and words 6-11 of line 25 |
| | Page 8: lines 1-6, 10-28 | Granted only as to penalty fee amount on line 4; lines 10-13 |
| | Page 9: lines 1-10, 19-26 | Denied |
| Declaration of Scott P. Jang in Support of Apple's Motion to Enforce Settlement | Page 1: lines 8, 10-16, 18-21, 23-24, 26-28 | Granted only as to proposal amount and words 8-12 of line 11; line 16; offer amount on line 20; quoted text on line 21; quoted text on lines 23 and 24 |
| | Page 2: lines 1, 3-7, 10, 11014, 16-18, 19-21, 14-27 | Granted only as to quoted text on line 1; offer amount on line 3; words 12-13 and 17 on line 6; words 1-2 and 9-12 of line 7; offer amount on line 9; item (1) on lines 11-13; offer amount on line 12; penalty fee amount on line 18; penalty fee amount on line 19; words 8-15 of line 23; words 1-10 of line 24; offer amount on line 25; words 1-6 of line 27 |
| | Page 3: lines 1-2, 4-7, 9-11, 15-16, 18-20, 22-26 | Granted only as to settlement amount and words 9-11 of line 1; penalty fee and words 1-3 of line 2; words 4-6 of line 6; settlement amount and words 1-3 of line 7; settlement amounts and |

Case No.: 5:19-cv-03034-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL
7

| | |
|---|---|
| | words 7-8 of line 15; words 6-10 of line 16; words 7-10 of line 18; words 1-7 of line 20 |
| Page 4: lines 1-9, 10, 12-15, 17-22, 25-27 | Granted only as to settlement amount and words 6-13 of line 2; words 16-19 of line 3; line 4; words 1-3 of line 5; penalty fee amount and words 11-12 of line 8; words 12-14 of line 13; line 14; words 1-4 of line 15; lines 17-22; words 7-11 of line 25; line 26; words 2-5 of line 27 |
| Page 5: lines 1-4 | Granted only as to lines 1-2; words 8-11 of line 3 |
| Ex. 1: entire document | Granted only as to words 17-24 of sentence 8 of email body |
| Ex. 2: entire document | Granted in part subject to resubmission |
| Ex. 3: entire document | Granted in part subject to resubmission |
| Ex. 4: entire document | Granted in part subject to resubmission |
| Ex. 5: entire document | Granted in part subject to resubmission |
| Ex. 6: entire document | Granted in part subject to resubmission |
| Ex. 7: entire document | Granted in part subject to resubmission |
| Ex. 8: entire document | Granted in part subject to resubmission |
| Ex. 9: entire document | Denied except as to total amount |
| Ex. 10: entire document | Granted in part subject to resubmission |
| Ex. 11: entire document | Granted in part subject to resubmission |
| Ex. 12: entire document | Granted in part subject to resubmission |
| Ex. 13: entire document | Granted in part subject to resubmission |
| Ex. 14: entire document | Granted only as to the email attachment |
| Ex. 15: entire document | Granted in part subject to resubmission |
| Ex. 16: entire document | Granted in part subject to resubmission |
| Ex. 17: entire document | Granted in part subject to resubmission |

Case No.: 5:19-cv-03034-EJD
ORDER GRANTING IN PART AND DENYING IN PART ADMIN. MOTS. TO SEAL
8

United States District Court
Northern District of California

| | Ex. 18: entire document | Granted |
|---|---|---|
| | Ex. 19: entire document | Denied |
| | Ex. 20: entire document | Granted |
| | Ex. 21: entire document | Granted |
| | Ex. 22: entire document | Granted |
| Apple's Reply to Plaintiff's Opposition to Defendant's Motion to Enforce Settlement (Dkt. No. 90) | Page 1: lines 25-28 | Granted only as to words 8-12 of line 26 |
| | Page 2: lines 1, 4-6, 7, 23-28 | Granted only as to bolded and italicized text in lines 4-5; penalty amount in line 28 |
| | Page 3: lines 5-12, 15-17, 18-23 | Denied |
| | Page 4: lines 6-13, 15-28 | Granted only as to penalty amount in lines 24, 26, and 28 |
| | Page 5: lines 1-2 | Granted only as to word 8 of line 1 |

With respect to Exhibits 2-9, 10-13, and 15-17 to the Jang Declaration submitted in support of Apple's motion to enforce settlement, Apple shall submit revised redacted versions of these documents that reflect the above rulings by **March 4, 2022**.  The Court expects that its rulings above will provide substantial guidance to Apple regarding what material may be properly filed under seal moving forward.  If Apple elects not to resubmit revised redactions by March 4, the Court shall unseal the documents in their entirety.

Finally, as to Apple's motion to remove incorrectly filed documents from the docket (Dkt. No. 81), the docket is a matter of public and appellate record, and thus items filed on the docket may not be removed.  However, the Court shall maintain the incorrectly filed documents under seal.

**IT IS SO ORDERED.**

Dated: February 25, 2022

EDWARD J. DAVILA
United States District Judge