UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSHUA AREBALO,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No.  5:19-cv-03034-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE SETTLEMENT AND GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**<br><br>Re: Dkt. Nos. 71, 85 |

Before the Court are the parties' competing motions concerning their settlement agreement. Pro se Plaintiff Joshua Arebalo seeks to set aside the settlement under Federal Rule of Civil Procedure 60(b). Not. of Mot. and Mot. to Set Aside Settlement and Vacate Order to Temporarily Stay Matter ("Arebalo Mot."), Dkt. No. 71. Defendant Apple, Inc. ("Apple") moves to enforce the settlement. Def.'s Not of Mot. and Mot. to Enforce Settlement ("Apple Mot."), Dkt. No. 85. The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the parties' submissions, the Court DENIES Arebalo's motion to set aside the settlement and GRANTS Apple's motion to enforce the settlement.

**I.  BACKGROUND**

Arebalo filed this disability rights and wrongful termination action on May 31, 2019. Dkt. No. 1. Following protracted negotiations, on May 5, 2021, the parties informed the Court that they had reached a settlement in principle and requested a stay in the action (including reserving any ruling on Apple's then-pending motion for summary judgment) in order to formalize and

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S MOT. TO ENFORCE SETTLEMENT

1

complete their agreement. Dkt. No. 63. The parties executed a settlement agreement on May 19, 2021. Exs. to Decl. of S. Jang in Supp. of Apple's Mot. to Enforce Settlement ("Jang Decl."), Dkt. No. 80-6, Ex. 22.

The portion of the settlement agreement relevant to the instant motions concerns Apple's obligation to produce certain information to Arebalo. Specifically, this production provision dictates that within 30 days of Arebalo signing the agreement, Apple must provide "information confirming that mini break information existed and was available to employees on Apple's intranet in 2017. This information may take the form of providing the URL, the dates the URL was accessible to employees, and the information that was accessible at the URL." *Id.*, Ex. 22, Attach. 1, § 2.b. If Apple failed to provide the mini break information within 30 days, the settlement agreement nevertheless "will remain in full effect and enforceable" and Apple would be subject to a financial penalty. The agreement also includes the following integration clause:

> I have not relied on any representations or statements by Apple, its past, present and future successors, officers, directors, attorneys, agents, employees, shareholders, assigns, subsidiaries and affiliates not set forth in this Agreement with regard to the subject matter, basis or effect of this Agreement or otherwise. . . . This Agreement sets forth the entire agreement between me and Apple concerning the subject matter of this Agreement and supersedes any other written or oral promises concerning such subject matter.

*Id.*, Ex. 22, Attach. 1, § 17.

On June 9, 2021, pursuant to Section 2.b of the settlement agreement, Apple produced two documents to Arebalo. Jang Decl. ¶ 23, Ex. 19. According to Apple, both are "postings available on Apple's intranet" and Apple provided their respective URLs. *Id.* The first posting, entitled "Refresh to De-Stress," appears on the Apple Wellness Site with a publication date of November 2015. The second posting, entitled "Healthy Working," has been available on Apple's Ergonomics site "since at least 2021" when the site was revamped, and "has been available on the Ergonomics site in other forms since at least 2014."

Apparently unsatisfied with this production, Arebalo moved to set aside the settlement and

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S MOT. TO ENFORCE SETTLEMENT

2

1   lift the stay on July 26, 2021. Dkt. No. 71. Apple's motion to enforce the settlement followed on
2   October 28, 2021. Dkt. No. 85.

## II. AREBALO'S MOTION TO SET ASIDE SETTLEMENT AND LIFT STAY

Federal Rule of Civil Procedure 60(b) provides for reconsideration of a final judgment, order, or proceeding "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b)). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). Here, Arebalo invokes Rule 60(b)(3) as the basis for his request to set aside the settlement and lift the stay. Arebalo Mot. at 2.

Under Rule 60(b)(3), a district court may relieve a party from an order for fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3); *Hyler v. Inv. Grade Loans, Inc.*, No. C 07-03180 WHA, 2008 WL 4279689, at *3 (N.D. Cal. Sept. 12, 2008), *aff'd*, 362 F. App'x 652 (9th Cir. 2010). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey*, 362 F.3d at 1260 (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Further, the fraud must "not be discoverable by due diligence before or during the proceedings." *Id.* (internal quotation marks omitted). Arebalo must therefore show by clear and convincing evidence that the Court's May 21, 2021 order granting the parties' stipulation to stay the case pending finalization of their settlement was obtained through "fraud, misrepresentation, or other misconduct" "not discoverable by due diligence," which "prevented [him] from fully and fairly presenting" his arguments.

In his motion, Arebalo contends that he only agreed to settle because Apple promised to produce the mini break information, but that Apple did not do so and thus fraudulently induced

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S MOT. TO ENFORCE SETTLEMENT

3

him into settling. Arebalo Mot. at 2 ("Defendant could not and has not produced the information promised and Plaintiff believes this was fraud to induce settlement."). On reply, Arebalo shifts his position to say that the mini break information at issue relates to a specific blurb of text[1] that he believes was removed from the Apple intranet at some point, and that Apple falsely told him during negotiations that this specific blurb "was always available to employees" and had instead been "moved." Arebalo Reply at 1–2.

     As the moving party, Arebalo bears the burden of proving fraud by clear and convincing evidence. *Casey*, 362 F.3d at 1260. To support his claim of fraud, Arebalo first cites to an email exchange with Apple's counsel in which Arebalo voiced his desire to ensure that mini break information is available to Apple employees. In response, Apple's counsel stated:

> In your prior email, you mentioned that the real change you seek is to have Apple correct the removal of the break information from chat employees' view. I think it's important to first clarify any confusion on this point. The information about employee breaks was not taken down; it was simply moved to another part of Apple's intranet site: the Apple Wellness site. I think it's important that you know this since I don't want a mistaken understanding regarding the break information to be an obstacle to resolution discussions.

Jang Decl., Ex. 5. Arebalo argues that the last sentence concerning "an obstacle to resolution" demonstrates that Apple knew that he was relying on its representations about the mini break information only being moved elsewhere, not removed from the intranet altogether. Arebalo Reply at 2; *see also* Plf.'s Opp'n to Def. Apple's Mot. to Enforce Settlement ("Arebalo Opp'n"), Dkt. No. 87, at 6. The Court disagrees that there is some nefarious inference to be found here.

---

[1] The blurb reads as follows:

> There are a number of things you can do to decrease the possibility of developing an injury.
> • Request an ergonomic evaluation
> • Take brief, regular recovery stretch breaks every 45 minutes
> • Establish a Personal Fitness Program

Reply to Def.'s Opp'n to Plf.'s Mot to Set Aside Settlement and Vacate Order to Temporarily Stay Matter ("Arebalo Reply"), Dkt. No. 78, at 1–2.

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S MOT. TO ENFORCE SETTLEMENT
4

1    Regardless, the settlement agreement's integration clause—to which Arebalo agreed—confirms
2    that he did not rely on any representations or statements from Apple that are not recited in the
3    settlement agreement itself. Jand Decl., Ex. 22, Attach. 1, § 17.

4        Next, Arebalo cites to four items of evidence. The Court addresses only the items for
5    which Arebalo provided documentary evidence in support of his claim of fraud: his purported
6    communications with Apple employees in 2019, 2020, and 2021 in which he asked the employees
7    to search the intranet for mini break information and they reported they were unable to find it.
8    Arebalo Reply at 3; *see* Arebalo Opp'n at ECF 17–19. Arebalo submitted an email chain that is so
9    heavily redacted that the Court cannot tell when it took place. Regardless, whether Apple
10   employees could access the mini break information in 2019, 2020, or 2021 is irrelevant here,
11   because the settlement agreement called for "information confirming that mini break information
12   existed and was available to employees on Apple's intranet in *2017*." Jang Decl., Ex. 22, Attach.
13   1, § 2.b (emphasis added). Moreover, by making this argument, Arebalo effectively concedes that
14   he possessed knowledge that the mini break information was purportedly unavailable in 2019 and
15   2020 during the pendency of this action, demonstrating a lack of diligence and foreclosing relief
16   under Rule 60(b)(3). *Casey*, 362 F.3d at 1260 (requiring that the fraud "'not be discoverable by
17   due diligence before or during the proceedings'"). The Court therefore finds that Arebalo has not
18   provided clear and convincing evidence of fraud that induced him to enter into the settlement
19   agreement and stipulate to a stay.

20       While Arebalo may be dissatisfied with Apple's representations about whether the mini
21   break information was available to employees in 2017, dissatisfaction is not a sufficient basis for
22   fraud under Rule 60(b)(3). Nor is buyer's remorse. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d
23   1097, 1099 (9th Cir. 2006) ("Rule 60(b) is not intended to remedy the effects of a deliberate and
24   independent litigation decision that a party later comes to regret through second thoughts or
25   subsequently-gained knowledge . . . ."). Accordingly, the Court DENIES his motion to set aside
26   the settlement and vacate the order staying the action.

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S MOT. TO ENFORCE SETTLEMENT
5

### III. APPLE'S MOTION TO ENFORCE SETTLEMENT

A district court retains the inherent power to summarily enforce settlement agreements entered into by the parties in cases pending before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). A "motion to enforce [a] settlement agreement essentially is an action to specifically enforce a contract," and "[a]n action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court." *Adams v. Johns–Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989) (citation and internal quotations marks omitted). Thus, "the court may hear evidence and make factual determinations." *Fair Hous. Council of Cent. Cal., Inc. v. Tylar Prop. Mgmt. Co.*, 975 F. Supp. 2d 1115, 1118 (E.D. Cal. 2012) (citing *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251 (8th Cir. 1996)). A court may order compliance with a settlement agreement in light of evidence of a party's non-compliance. *Hernandez v. Mayorga*, No. 16-cv-00637-DMR, 2018 WL 1964678, at *2 (N.D. Cal. Apr. 26, 2018) (citing *Fisher v. Biozone Pharm., Inc.*, No. 12-CV-03716-LB, 2017 WL 1097198, at *1 (N.D. Cal. Mar. 23, 2017)).

"The interpretation of a settlement agreement is governed by principles of state contract law." *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (citing *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990)). "This is so even where a federal cause of action is 'settled' or 'released.'" *Id.* (citing *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992)). Here, California contract law governs the analysis because the parties litigated and settled the case in this state. "Under California law, the goal of contractual interpretation is to give effect to the mutual intention of the parties." *Ambat v. City & Cty. of San Francisco*, No. C 07-03622 SI, 2011 WL 2118576, at *2 (N.D. Cal. May 27, 2011) (citing *Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)). "The mutual intention of the parties is determined by examining factors including the words used in the agreement, the surrounding circumstances under which the parties negotiated or entered into the contract, and the subsequent conduct of the parties." *Id.* (citing *Morey v. Vannucci*, 64 Cal. App. 4th 904, 912 (Ct. App. 1998); *Hernandez v. Badger Constr. Equip. Co.*, 28 Cal. App. 4th 1791, 1814 (Ct. App. 1994)).

1    Apple moves to enforce the settlement because although it believes it has performed in
2    full, Arebalo has not yet performed by dismissing the action.  Apple Mot.  In response, Arebalo
3    argues that the Court should deny Apple's motion and instead set aside the judgment under Rule
4    60(d)(3) because Apple committed fraud upon the Court.  Arebalo Opp'n at 4–5.
5    As an initial matter, Rule 60(d)(3) states that Rule 60 does not limit the Court's power to
6    "set aside a *judgment* for fraud on the court."  Fed. R. Civ. P 60(d)(3) (emphasis added).
7    However, because the parties settled, the Court never entered a judgment in this action, and
8    therefore there is no judgment that could be set aside.  Even assuming that Rule 60(d)(3) could
9    serve as a basis for the Court to set aside the settlement agreement—a basis which Arebalo did not
10   raise in his motion to set aside the settlement, *see* Arebalo Mot. at 1–2—Arebalo has not
11   demonstrated clear and convincing fraud.  *See supra* Section II.
12   Arebalo voices a host of complaints about Apple's discovery responses and the arguments
13   set forth in its summary judgment motion, but these complaints amount to nothing more than
14   strong disagreements with Apple's perspective of the parties' dispute.  Arebalo Opp'n at 6–14.
15   Disagreements as to the facts of a case or the characterization of those facts are not enough to
16   demonstrate fraud on the Court.  If they were, every defendant in every case would commit fraud
17   simply by presenting a defense with which the plaintiff disagreed.  Apple's summary judgment
18   motion is irrelevant here and could not have acted as fraud upon the Court because the Court never
19   ruled on that motion.  The Court will not address the merits of Arebalo's claims at this late hour.
20   The time for litigating the facts passed when he chose to accept the terms of the settlement
21   agreement and sent a signed copy back to Apple's counsel.
22   None of the disputes of fact Arebalo raises suggests that Apple acted fraudulently toward
23   him or the Court.  The parties' communications in evidence before the Court demonstrate that
24   Arebalo was not afraid to haggle with Apple, and indeed, he changed positions and asked for
25   different consideration at multiple points in the negotiation process.  *See, e.g.*, Jang Decl., Exs. 6,
26   7, 12, 15.  It was Arebalo who requested the production provision in the first instance by

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S
MOT. TO ENFORCE SETTLEMENT
7

requesting a term requiring Apple to:

> 2. Provide documentary evidence to support Apple's position that microbreak information existed and was available to employees and do this by providing documents that show:
>
> the specific URL for the information
> the dates the URL was accessible by employees
> What the exact information was that was accessible at the URL
> Who made the decision to move the information and why[.]

*Id.*, Ex. 7 at ECF 28. Arebalo actively participated in revising the draft agreement and was responsible for adding the 2017 time limitation to the production provision. *Id.*, Ex. 14 at ECF 83. At no point in the communications before the Court did Arebalo seek to restrict the requested mini break information to the specific blurb he described in his reply in support of his motion to set aside the settlement. *See supra* n.1. To the contrary, his position was far less stringent at the time:

> *If you can provide the information in a way that a reasonable person can understand that the content was on the site and give dates it was available, that is fine, it doesn't have to be exactly as I laid out.* Restated....Just that a reasonable person would be able to understand from the data that the content was or was not posted for employees to have access to it and when that access was.

Jang Decl., Ex. 9 (emphasis added). With this history in mind, the Court finds that the mutual intention of the parties was that Apple would produce documents showing that mini break information was available to employees on the Apple intranet in 2017, and that Apple would do so in a manner that a reasonable person would understand that the content was on the site at that time.

Arebalo contends that Apple did not actually fulfill its obligations under the agreement. Arebalo Opp'n at 6; *see also* Arebalo Mot. at 2. The Court has reviewed Apple's June 9, 2021 email production of the mini break information providing the "Rest to De-Stress" and "Healthy Working" posts. Jang Decl., Ex. 19. The "Rest to De-Stress" post includes information on "mini-stretch breaks" and "micro-breaks," and Apple provided the URL and a document showing that the post was published on the Wellness site in 2015. *Id.* However, Apple did not provide documentary evidence that the "Rest to De-Stress" post was available on its Intranet *in 2017*. The mere fact that the post was originally published in 2015 does not necessarily mean that it was

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S MOT. TO ENFORCE SETTLEMENT

8

1  accessible to employees in 2017.

2         The "Healthy Working" post mentions "micro-breaks" once and focuses mainly on
3  stretching exercises. *Id.* Apple provided the URL but did not provide documentary evidence that
4  the post was available in 2017. Instead, Apple informed Arebalo that the post "has been available
5  on Apple's [E]rgonomics site since at least 2021 and, prior to then, has been available on the
6  Ergonomics site in other forms since at least 2014." *Id.* The vague phrase "in other forms" does
7  not provide reassurance that information specifically about mini breaks was accessible to
8  employees in 2017.

9         Having reviewed Apple's production, the Court finds that a reasonable person would not
10 understand that the mini break content was available on Apple's intranet in 2017.

11        Apple now submits the declaration of its Environmental Health & Safety Manager, Bob
12 Ulrey, in support of its motion to enforce settlement. Decl. of B. Ulrey in Supp. of Def. Apple
13 Inc.'s Mot to Enforce Settlement, Dkt. No. 95-2. But the Ulrey Declaration does not provide any
14 further assurance that either the "Rest to De-Stress" or "Healthy Working" posts were available in
15 2017. Instead, it merely repeats verbatim the insufficient statements from Apple's production
16 email. *Id.* ¶¶ 2-4. Through the Ulrey Declaration, Apple offers evidence of several more posts
17 mentioning micro-breaks, *id.* ¶¶ 4-7, but ultimately, these do not help Apple because those posts
18 were not timely produced to Arebalo within the time period set forth in the production provision.

19        Accordingly, the Court finds that Apple did not fulfill its obligations under the production
20 provision. The remedy for this, however, is not to set aside the agreement altogether. Jang Decl.,
21 Ex. 22, Attach. 1, § 2.b ("If Apple does not provide the information identified in this paragraph
22 within the time period specified in this paragraph, this Agreement will remain in full effect and
23 enforceable . . . ."). Rather, the remedy is laid out clearly in the production provision itself: Apple
24 must pay the penalty fee. *Id.*

25        Production provision aside, the parties do not dispute that Apple has otherwise complied
26 with all other obligations under the agreement. Arebalo was thus required to file a stipulated

27 Case No.: 5:19-cv-03034-EJD
28 ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S
MOT. TO ENFORCE SETTLEMENT
9

1 | dismissal of the action. *Id.*, Ex., Attach. 1, § 2.e. This Arebalo has not done. Accordingly, the Court GRANTS Apple's motion to enforce the settlement.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Arebalo's motion to set aside the settlement and lift the stay and GRANTS Apple's motion to enforce the settlement. Apple shall pay Arebalo the penalty fee in accordance with the parties' settlement agreement and certify to the Court that it has done so. After Apple submits its certification, the Court shall dismiss the action.

**IT IS SO ORDERED.**

Dated: February 25, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-03034-EJD
ORDER DENYING PLF.'S MOT. TO SET ASIDE SETTLEMENT AND GRANTING DEF.'S MOT. TO ENFORCE SETTLEMENT
10